*143
 
 OPINION OF THE COURT
 

 Simons, J.
 

 Defendant is a podiatrist. On May 10, 1994, he entered a guilty plea to grand larceny, fourth degree, in full satisfaction of an indictment charging him with grand larceny and multiple counts of offering a false instrument for filing and falsifying business records. The charges were based on improper billings for Medicaid patients between 1986 and 1992. The plea was entered after extended negotiations and contained a provision requiring defendant to pay the State $500,000 as restitution prior to sentencing. When defendant subsequently appeared for sentencing, he was represented by new attorneys who moved to vacate the plea or, alternatively for a hearing on the amount of the restitution. The court denied both motions but before imposing sentence accepted from the prosecutor the affidavit of a statistician and incorporated it into the record. The affidavit purported to establish, by extrapolating from six fraudulent claims and the losses occasioned by them, that the damages to the State totaled no less than $571,552.37. Defendant was thereafter sentenced to a term of six months’ incarceration concurrent with five years’ probation and ordered to pay restitution of $500,000.
 

 The question before the Court is whether the plea and the finding on restitution may stand. We conclude that the plea of guilty was knowing and voluntary but that the procedures followed by the court to establish the amount of restitution did not meet statutory standards. Accordingly, the matter must be remitted to Supreme Court for a hearing to determine the amount of restitution.
 

 Section 60.27 of the Penal Law permits a sentencing court to order restitution to the victim of the crime in addition to any
 
 *144
 
 other dispositions authorized by statute. The amount, as the amendment to the statute in 1992 makes clear, may not include sums for pain and suffering or liquidated damages: restitution may be no greater than the sum necessary to compensate the victim for out-of-pocket losses (L 1992, ch 618; see,
 
 People v Fuller,
 
 57 NY2d 152, 158, n 6).
 

 Whether a defendant will be required to make restitution to a crime victim is a matter within the discretion of the court. If it determines that restitution is appropriate, the procedure for fixing the amount is set forth in section 60.27 (2). The statute provides that if the record contains the evidence necessary to support a finding of the victim’s loss, usually after a trial in which evidence of pecuniary loss has necessarily been proved, the court may fix the amount of restitution based on that evidence. If sufficient evidence does not appear in the record to support a finding of the victim’s loss, then the court must conduct a hearing to determine the amount. In either case, if the defendant requests a hearing, the court must conduct one.
 

 Normally the court should determine the amount of restitution at the time of sentencing. This is evident from the directions in the statute that the District Attorney advise the court "at or before” the time of sentencing that the victim seeks restitution or reparation, and that a victim impact statement must be considered before fixing the amount (Penal Law § 60.27 [1], [2]). Inasmuch as a victim’s impact statement is usually prepared by the probation department after trial or a plea and before sentencing
 
 (see,
 
 CPL 390.30 [3] [b]), the necessary con sequence of that requirement is that restitution is to be determined at or near the time of sentencing, not at the time the plea is entered. Moreover, the statute provides that if a hearing is required it will be subject to the provisions of CPL 400.30, a section which contemplates a hearing on notice before sentencing.
 

 In a case where guilt is established pursuant to a plea agreement rather than a trial, evidence to support the restitution amount generally can only be found in the agreement itself or the minutes of the plea allocution. Although a defendant may make a statement at the plea proceedings sufficient to support a determination of the victim’s out-of-pocket loss, thereby eliminating the procedures set forth in the Criminal Procedure Law, in most cases the court will be unable to determine the amount of restitution from the plea record. If restitution is appropriate but cannot be determined at the time of the plea, any sentence promise included within a plea bargain may
 
 *145
 
 properly be subject to a hearing on restitution at sentencing
 
 (see,
 
 Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 60.27, at 192). The court may seek the assistance of the probation department in determining the amount of loss but the determination must be made by the court, not the department
 
 (see, People v Fuller, supra).
 

 If a hearing is held, the procedure specified in CPL 400.30 must be followed. The court must notify the clerk of a hearing to be held in not less than 10 days (subd [1]). The clerk then notifies the parties and their attorneys (subd [2]). At the hearing, the court must permit the defendant to speak on the out-of-pocket loss and the court may accept that statement as proof of the loss. If it does not, it must proceed with the hearing (subd [3]). The People have the burden of proving the amount of loss by a fair preponderance of the evidence. Any relevant evidence is admissible unless privileged regardless of its admissibility under the rules of evidence (subd [4]).
 

 The court did not follow these procedures in this case. The extended colloquy in the proceedings before sentencing reveals that the $500,000 figure was based largely on unrecorded statements made during plea negotiations in which defendant pressed to avoid a jail sentence. The People assert that there was sufficient evidence to support the restitution determination because (1) they documented six actual instances of defendant’s fraudulent billing practices through undercover work, (2) defendant confessed to illegal billings — although at an amount substantially less than $500,000 — and (3) the court had before it the statistician’s affidavit explaining her calculations of the loss. They contend that the court could deduce from this evidence that the government had sustained an out-of-pocket loss of at least $500,000. While the parties and the court may have been aware of some of this information, however, defendant was not given an opportunity to challenge the amount at a hearing.
 

 Alternatively, the People contend that the defendant conceded the amount of the loss at the plea proceedings. CPL 400.30 (3) provides that if the defendant makes a statement at the restitution hearing, the court may base its finding thereon. Presumably, the same rule would apply to defendant’s statements made at the time a plea is entered. Defendant may concede the facts necessary to establish the amount of restitution as part of a plea allocution. Where there is no concession of facts, however, the guilty plea alone is not sufficient to support a determination of restitution contained in the court’s
 
 *146
 
 statements during the plea allocution
 
 (see,
 
 Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 400.30, at 318). If the court’s determination is based on the defendant’s statement, the amount of restitution must reflect more than just the court’s statement of a dollar figure or defendant’s conclusory admissions accompanying the plea. Defendant’s statements must contain facts from which the victim’s actual out-of-pocket loss from the offense can be inferred (Penal Law § 60.27 [2]).
 

 When defendant retained new attorneys in this case, they strenuously urged before sentencing that the restitution amount was not adequately supported by the record and sought a hearing. Under these circumstances, the court was required to grant a hearing pursuant to Penal Law § 60.27 (2) irrespective of the level of evidence in the record and to provide defendant with a reasonable opportunity to contest the People’s evidence or supply evidence on his own behalf. Its failure to do so constituted a departure from the " 'essential nature’ of the right to be sentenced as provided by law” and requires remittal for a hearing on the amount of restitution
 
 (Fuller,
 
 57 NY2d, at 156,
 
 supra).
 

 We have considered defendant’s other claims and find them to be without merit.
 

 Defendant has submitted a postargument request that the $500,000, now held by the People, be returned to him in the event that a new hearing is ordered. That application should be addressed to the trial court.
 

 Accordingly, the order of the Appellate Division should be modified by remitting to Supreme Court for further proceedings in accordance with this opinion and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order modified, etc.