OPINION OF THE COURT
 

 Levine, J.
 

 Defendant pleaded guilty to counts of attempted murder in the second degree, attempted robbery in the first degree and
 
 *410
 
 criminal possession of a weapon in the second degree. The charges arose out of a failed holdup by him and two accomplices at the home of the victim, whom defendant shot three times in a struggle during the incident. County Court convicted defendant upon his guilty plea and the Appellate Division affirmed the judgment of conviction and sentence (232 AD2d 426). A Judge of this Court granted defendant leave to appeal, and we now affirm.
 

 On this appeal, the primary issues raised by defendant relate to his challenge to the order of restitution imposed by County Court at the time of his sentencing, in the sum of $37,754.07, representing the aggregate amount of the victim’s medical expenses incurred in the treatment of his gunshot wounds.
 

 Defendant’s initial objection to the order of restitution is that the court erred in failing to hold a hearing to determine the actual amount of “out-of-pocket loss” in medical costs (Penal Law § 60.27 [2], [5] [b]).
 
 *
 
 We disagree. Defendant did not request a hearing on the dollar amount of the victim’s medical expenses. The statute mandates conducting a hearing only “[i]f the record does not contain sufficient evidence to support such finding [of the actual amount of loss]
 
 or
 
 upon request by the defendant” (Penal Law § 60.27 [2] [emphasis supplied];
 
 see, People v Consalvo,
 
 89 NY2d 140, 144).
 

 The presentence probation report, made available to the defense in advánce of sentencing, recited documented, itemized-by-provider medical expenses aggregating $37,754.07, of which the victim’s health insurer paid $35,301.35. In the sentencing colloquy concerning restitution, defendant’s attorney indicated to the court that there was no dispute over the accuracy of the amount of the victim’s medical expenses set forth in the presentence report. Rather, the objections were merely (1) to “defendant having to reimburse the insurance company” for that portion of medical expenses paid by the victim’s health insurer, and (2) that defendant only should be “responsible for one-third of that amount,” in light of the convictions and sentences, including restitution orders, of his two accomplices.
 

 
 *411
 
 In our view, the presentence report’s detailed itemization of documented medical costs incurred by the victim in the course of receiving treatment from named health providers, together with defendant’s express and implied concessions of the accuracy and authenticity of those figures, afforded the court a sufficient evidentiary basis in the record for determining the actual amount of the victim’s out-of-pocket loss without conducting a further hearing. Thus, the requirements of Penal Law § 60.27 (2) were satisfied. We held in
 
 Consalvo
 
 that a defendant’s concessions in the course of a plea allocution may furnish “the facts necessary to establish the amount of restitution”
 
 (People v Consalvo,
 
 89 NY2d, at 145,
 
 supra).
 

 Moreover, had a restitution hearing been held, the court would not have been restricted to reliance upon only competent evidence
 
 (see,
 
 Penal Law § 60.27 [2] [incorporating the procedures for determining the amount of a fine under CPL 400.30];
 
 see,
 
 CPL 400.30 [4]; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 400.30, at 317, 318). Thus, here, the court had before it undisputed, detailed evidentiary facts to establish the amount of loss, not merely a conclusory admission in response to the recital by the court of an unsubstantiated amount of restitution in the plea or sentencing minutes
 
 (cf., People v Consalvo, supra,
 
 89 NY2d, at 146).
 

 Alternatively, defendant contends that the court erred in imposing a duty to make restitution for the portion of the victim’s medical expenses paid by his health insurer. This argument also is unavailing. The statute authorizes restitution in “reparation for the actual out-of-pocket loss caused” by the criminal offense (Penal Law § 60.27 [1] [emphasis supplied]). It also includes within the definition of “victim” a crime victim’s “representative” (Penal Law § 60.27 [4] [b]) as defined in Executive Law § 621 (6)
 
 (id.).
 
 Section 621 (6) broadly defines a crime victim’s representative to include “but not [be] limited to an agent, an assignee, * * * a receiver, an administrator” (Executive Law § 621 [6]).
 

 In light of the strong legislative policy favoring restitution for all actual monetary losses caused by criminal conduct
 
 (see, People v Hall-Wilson,
 
 69 NY2d 154, 157), an insurer’s payment of an injured crime victim’s medical expenses is sufficient to bring the insurer within the category of representatives of the victim that are eligible for receipt of restitution. Moreover, the insurer was legally obligated under its insurance contract to pay for the victim’s medical expenses for treatment of injuries
 
 *412
 
 caused by defendant’s crimes and, as such, can properly be classified as a victim in its own right for those out-of-pocket losses occasioned thereby (see,
 
 People v Cruz,
 
 81 NY2d 996, 997-998;
 
 People v Hall-Wilson, supra,
 
 69 NY2d, at 157-158).
 

 We likewise find unpersuasive defendant’s remaining assignment of error regarding the restitution order — that the court should not have imposed joint and several liability for the full amount of medical expenses, but should have divided that amount equally among defendant and his accomplices. While the statute is silent on the issue, imposing joint and several liability on all perpetrators for the entire loss of the victim caused by their concerted action is more consistent with, and better promotes, the dual purposes of the restitution statute. Those goals are to insure, to the maximum extent possible, that victims will be made whole and offenders will be rehabilitated and deterred, by requiring
 
 all
 
 defendants to confront concretely, and take responsibility for, the
 
 entire
 
 harm resulting from their acts
 
 (see, People v Hall-Wilson, supra,
 
 69 NY2d, at 157;
 
 People v Turco,
 
 130 AD2d 785, 786).
 

 Furthermore, imposing joint and several responsibility on all defendants for the entire amount of restitution is consistent with well-established tort principles of liability pertaining to actors in concert, whether or not their conduct rose to the level of culpability justifying criminal sanctions
 
 (see,
 
 Prosser and Keeton, Torts § 52, at 346 [5th ed]).
 

 Defendant’s final contention, that he was denied effective assistance of counsel, is based either on pure speculation or upon matters dehors the record beyond review on this appeal.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Ciparick and Wesley concur.
 

 Order affirmed.
 

 *
 

 Restitution in excess of the $15,000 ceiling imposed by Penal Law § 60.27 (5) (a) was authorized here because it entirely represented reimbursement “for medical expenses actually
 
 incurred
 
 by the victim” (Penal Law § 60.27 [5] [b] [emphasis supplied]). Defendant has not raised any objection based upon the limitations of the amount of restitution imposed by subdivision (5) (a). Rather, all of his objections derive from
 
 the
 
 procedural requirements and definitions applicable to all forms and amounts of restitution under the statute
 
 (see,
 
 Penal Law § 60.27 [l]-[4]).