■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERA PETERS, Appellant. [749 NYS2d 608] —Peters, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 23, 2001, convicting defendant upon her plea of guilty of the crimes of grand larceny in the second degree, forgery in the second degree (two counts), and falsifying business records in the first degree.

Defendant, who had been employed in the cash office of a Wal-Mart department store located in the Village of Monticello, Sullivan County, was indicted on numerous charges stemming from her scheme to steal from the store by manipulating the store's receipts and cash deposits. Following her negotiated plea of guilty to the crimes of grand larceny in the second degree, forgery in the second degree (two counts), and falsifying business records in the first degree, defendant was sentenced to concurrent indeterminate prison terms with an aggregate of 5 to 15 years and was ordered to pay restitution in the amount of $886,000. Defendant appeals.

Defendant initially challenges the harshness of her sentences. The record reveals, however, that defendant's guilty plea included a knowing, voluntary and intelligent waiver of her right to appeal the sentences imposed (*see People v Hidalgo*, 91 NY2d 733, 737). Were we to reach this issue, we would find no extraordinary circumstances warranting modification (*see People v Grier*, 290 AD2d 649, 649, *lv denied* 97 NY2d 755; *People v Dolphy*, 257 AD2d 681, *lv denied* 93 NY2d 872),

particularly since the sentences imposed are consistent with defendant's plea agreement.

We do, however, find merit in defendant's contention that County Court should have held a hearing on the amount of restitution. A restitution hearing is required when there is insufficient evidence in the record to support a finding of the actual amount of losses or when a hearing is requested by the defendant (*see* Penal Law § 60.27 [2]; *see also People v Kim*, 91 NY2d 407, 410; *People v Consalvo*, 89 NY2d 140, 144). Here, County Court based its finding of restitution on defendant's plea allocution, the grand jury minutes and a submission containing Wal-Mart's calculation of its losses. While defendant did not request a restitution hearing, we do not find sufficient evidence in this record to support County Court's finding of restitution in the amount of $886,000 since defendant's plea allocution did not contain admissions sufficient to support that amount and the amount was disputed by defendant at sentencing (*see People v Consalvo, supra* at 145-146). An unsubstantiated victim statement regarding the amount of losses is not a sufficient basis for a restitution finding (*see People v Ashley*, 162 AD2d 883, *lv denied* 76 NY2d 852), and the grand jury minutes relied upon by County Court are not part of the record on this appeal. Accordingly, this matter must be remitted for a hearing to determine the proper amount of restitution.

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as ordered restitution; matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.