■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN GOLGOSKI, Appellant. [834 NYS2d 580]—

Spain, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered March 22, 2006, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the fourth degree.

In satisfaction of an indictment also charging second degree burglary, defendant pleaded guilty to criminal possession of stolen property in the fourth degree. Pursuant to the agreement, he was thereafter sentenced as an admitted predicate felon to a prison term of 2 to 4 years and ordered to pay restitution in the amount of $1,950. Defendant now appeals and we affirm.

Initially, we are not persuaded by defendant's claim that his sentence was harsh and excessive. Given defendant's extensive criminal history and his record of squandering sentencing leniency and opportunities to overcome his substance abuse problems, we find neither an abuse of discretion by County Court nor the existence of any extraordinary circumstances warranting a reduction of the lawful, negotiated sentence in the interest of justice (see People v Hammond, 35 AD3d 905, 907 [2006]).

Next, defendant's assertion that County Court erred by failing to conduct a restitution hearing is unpreserved given that he never disputed the amount or propriety of restitution nor requested such a hearing during sentencing (see People v Snyder, 38 AD3d 1068, 1069 [2007]; People v Williams, 28 AD3d 1005, 1011 [2006], lv denied 7 NY3d 819 [2006]; People v Melino, 16 AD3d 908, 911 [2005], lv denied 5 NY3d 791 [2005]; People v Drew, 16 AD3d 840, 841 [2005]; see also People v Horne, 97 NY2d 404, 414, n 3 [2002]). In any event, a restitution hearing was not required as the amount of restitution ordered was adequately supported in the record in the form of an itemized list prepared by the police setting forth the unrecovered stolen property and the corresponding values (see Penal Law § 60.27 [2]; People v Drew, supra at 841; see also People v Tzitzikalakis, 8 NY3d 217, 221 [2007]; People v Kim, 91 NY2d 407, 410-411

[1998]; *cf. People v Consalvo*, 89 NY2d 140, 144-146 [1996]; *People v Peters*, 299 AD2d 663, 664 [2002]).

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.