■ The People of the State of New York, Respondent, v Michael Faranda, Also Known as Anthony Vigorita, Appellant. [927 NYS2d 727]—

Kavanagh, J.

Defendant was charged by indictment with driving while intoxicated as a felony (two counts), aggravated unlicensed operation of a motor vehicle in the first degree and forgery in the second degree. He was later charged in a second indictment with burglary in the second degree, grand larceny in the second degree and criminal possession of stolen property in the second degree. Defendant subsequently pleaded guilty to all charges in the first indictment, and to burglary in the second degree and grand larceny in the second degree in the second indictment. An agreement was entered between defendant, the People and County Court to the effect that any prison terms imposed for these convictions would be concurrent with each other and that defendant, in addition to a surcharge, would be held jointly and severally liable with his codefendants for restitution in the amount of $105,000. In addition, the People agreed that it would recommend that the court sentence defendant to an aggregate prison term of 3½ years, plus 2½ years of postrelease supervision. However, County Court observed that if it was determined that defendant was a predicate felon, the minimum sentence that could be imposed for these convictions was five years in prison, plus five years of postrelease supervision.

Prior to entering his guilty plea, defendant, with the assistance of counsel, signed and initialed each paragraph of an eight-page written plea agreement in which he acknowledged, as relevant here, that he was aware of the maximum sentence that could be imposed for these convictions and that County Court had made no commitment regarding the People's recommendation concerning sentencing. County Court ultimately sentenced defendant, as a second felony offender, to an aggregate prison term of 10 years, with five years of postrelease supervision, and

directed that he pay the surcharge as well as restitution in the agreed-upon amount. Defendant's subsequent CPL article 440 motion to vacate the judgment of conviction was denied without a hearing. He now appeals from the judgment of conviction and, by permission, the denial of his motion.

We affirm. Defendant's plea allocution and his counseled written plea agreement establish that his guilty plea was entered voluntarily and intelligently. Contrary to his contention, County Court did not agree to adopt the sentencing recommendation made by the People, nor did it commit to impose the minimum sentence allowed by law (*see People v McKenzie*, 28 AD3d 942, 943 [2006], *lv denied* 7 NY3d 759 [2006]; *People v Mills*, 17 AD3d 712, 713 [2005], *lv denied* 5 NY3d 766 [2005]; *see also People v Bunce*, 45 AD3d 982, 984-985 [2007], *lv denied* 10 NY3d 809 [2008]). We also reject defendant's contention that he was denied the effective assistance of counsel. In that regard, defendant's claim that counsel did not inform him that County Court was not bound by the People's sentencing recommendation is belied by his acknowledgment of this fact in the written plea agreement (*see People v Bunce*, 45 AD3d at 984). As for restitution, given the content of the written plea agreement, where defendant acknowledged that restitution in the specified amount of $105,000 would be imposed at sentencing, his agreement to that amount during the plea allocution and his lack of any objection, a restitution hearing was not required (*see* Penal Law § 60.27 [2]; *People v Golgoski*, 40 AD3d 1138, 1138 [2007]; *People v Drew*, 16 AD3d 840, 841 [2005]; *cf. People v Peters*, 299 AD2d 663, 664 [2002]). Therefore, counsel's failure to request a hearing did not deprive defendant of meaningful representation. Finally, we see no reason, given defendant's extensive criminal history, to modify his sentence (*see People v Darby*, 72 AD3d 1280, 1284 [2010], *lv denied* 15 NY3d 747 [2010]; *People v Lowe*, 53 AD3d 982, 983 [2008]).

Mercure, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment and order are affirmed.