[52 NE3d 1170, 33 NYS3d 144]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN J. CONNOLLY, Appellant.

Argued March 31, 2016; decided May 10, 2016

356

---

*David C. Schopp, The Legal Aid Bureau of Buffalo, Inc.*, Buffalo (*Alan Williams* and *Timothy P. Murphy* of counsel), for appellant.

*Lawrence Friedman, District Attorney*, Batavia (*William G. Zickl* of counsel), for respondent.

**OPINION OF THE COURT**

STEIN, J.

In this appeal, we are asked to determine whether the procedures employed at defendant's second restitution hearing, in which exhibits and transcripts from a prior hearing conducted by a judicial hearing officer (JHO) were admitted into evidence and no further evidence was taken—despite County Court's offering the parties an opportunity to call additional witnesses and put in further proof—were sufficient to comport with Penal Law § 60.27 (2) and CPL 400.30. Inasmuch as the procedures were sufficient, we affirm.

Defendant was charged in an indictment with attempted arson in the second degree, menacing a police officer, criminal possession of a weapon in the third degree and attempted assault in the first degree (two counts). The charges arose out of an incident during which defendant allegedly broke into his girlfriend's apartment and threatened to kill her, swung a knife at a police officer who attempted to enter the apartment through a broken window, threatened to slit the responding officers' throats if they came into the apartment, broke windows and threw things (such as a television and speakers) out the windows at the officers, threatened to hang himself with a dog leash, and set fires inside the residence. In March 2009, defendant pleaded guilty to attempted assault in the first degree and attempted arson in the third degree. Although defendant admitted to committing the elements of attempted arson in the third degree, he entered an *Alford* plea to the attempted assault charge (*see North Carolina v Alford*, 400 US 25 [1970]).

Defendant was sentenced, as a second felony offender, to an aggregate term of eight years in prison, to be followed by five years of postrelease supervision. The issue of restitution was severed for a fact-finding hearing and, over defendant's objection, that hearing was held before a JHO. The People presented multiple exhibits—including insurance documents, receipts, photographs, appraisals and a police incident report—together with the testimony of an insurance adjuster, showing that the owner of the damaged apartment received approximately $33,000 from his insurance company for the damages caused by defendant's actions. Defendant presented the testimony of

his former girlfriend (and then wife) that the owner caused additional damage to the apartment's windows in order to obtain extra insurance money.

The JHO concluded that defendant should be required to pay restitution to the owner's insurer in the amount of $31,400. The parties appeared before County Court the following day; that court fixed restitution in the amount recommended by the JHO, plus a 5% surcharge. Defendant appealed, and the People both conceded that County Court had erred by delegating its authority to conduct the restitution hearing to a JHO and consented to a remittal to County Court for a new hearing. Based upon the People's concession, the Appellate Division modified and remitted (100 AD3d 1419, 1419 [4th Dept 2012]).[1] When the parties appeared before County Court on remittal, the People indicated that they intended to offer into evidence the transcript of the prior hearing conducted by the JHO, and then rest. Defendant argued that he was entitled to a hearing de novo, and that introduction of the transcript was not sufficient to meet the People's burden of proof. The court rejected defendant's argument, but clarified that it was not limiting the proof to the transcript of the prior hearing, explaining that defense counsel was "free to subpoena witnesses, call your client, do anything you would like to do." The court then adjourned the matter to enable defendant to prepare witnesses.

At the next County Court appearance, the People submitted the transcript and exhibits from the hearing before the JHO. Defendant did not proffer any proof, but argued that the amount of damages claimed by the adjuster was not supported by the evidence. County Court held that the People satisfied their burden of producing proof sufficient to establish, by a preponderance of the evidence, the proper amount of restitution. The court increased the award of restitution by several hundred dollars, rejecting the testimony of defendant's wife that the owner had broken windows for the purpose of defrauding the insurance company. Upon defendant's appeal, the Appellate Division affirmed (118 AD3d 1449 [4th Dept 2014]). A Judge of this Court granted defendant leave to appeal (24 NY3d 1119 [2015]), and we now reject defendant's argument that, where a restitution hearing is required, the sentencing court

---

1. The merits of the People's concession are not before us on this appeal and our decision herein should not be read as either endorsing or rejecting the argument that a JHO may not, under any circumstances, conduct a restitution hearing in the first instance.

commits reversible error when it relies upon a transcript of a hearing before a different factfinder without taking live testimony.

Penal Law § 60.27 (1) "addresses the related concepts of restitution and reparation, allowing a court to order a defendant to make restitution of the fruits of his or her offense or reparation for the actual out-of-pocket loss caused thereby" (*People v Horne*, 97 NY2d 404, 410 [2002] [internal quotation marks and citation omitted]).[2] This Court has recognized that New York has a "long-standing policy of promoting, encouraging and facilitating the use of restitution to reimburse victims for monetary and other losses caused by criminal conduct" (*id.* at 412; *see People v Kim*, 91 NY2d 407, 411 [1998]), and that the Penal Law has a "presumption in favor of restitution" (*Horne*, 97 NY2d at 411-412; *see People v Tzitzikalakis*, 8 NY3d 217, 220 [2007]). In that regard, section 60.27 (2) states that "[i]f the record does not contain sufficient evidence to support" a finding of the dollar amount of the fruits of the offense and actual out-of-pocket loss to the victim, "or upon request by the defendant, *the court* must conduct a hearing upon the issue in accordance with the procedure set forth in [CPL] 400.30" (emphasis added). Here, defendant requested a hearing and, thus, "the court was required to grant [one] pursuant to Penal Law § 60.27 (2)," at which the People would bear the burden of proof by a preponderance of the evidence and defendant would be "provide[d] . . . with a reasonable opportunity to contest the People's evidence or supply evidence on his own behalf" (*People v Consalvo*, 89 NY2d 140, 146 [1996]; *see Tzitzikalakis*, 8 NY3d at 223).

While Penal Law § 60.27 (2) "emphatically advises that it is 'the court' . . . which is to conduct any hearing thought necessary for this purpose" (*People v Fuller*, 57 NY2d 152, 158 [1982]), the court is "not . . . restricted to reliance upon only competent evidence" (*Kim*, 91 NY2d at 411). Rather, CPL 400.30 "embodies a liberal evidentiary standard" (*Tzitzikalakis*, 8 NY3d at 223) and provides that "*[a]ny* relevant evidence, not legally privileged, may be received regardless of its admis-

---

**2.** Inasmuch as defendant received no fruits of the offense, the court ordered him to pay reparations, not restitution. Nevertheless, this decision follows the pattern of our prior decisions and uses the term "restitution" more generally to refer to both restitution and reparation (*see e.g. People v Tzitzikalakis*, 8 NY3d 217, 220 [2007]; *People v Consalvo*, 89 NY2d 140, 144 [1996]).

sibility under the exclusionary rules of evidence" (CPL 400.30 [4] [emphasis added]). That is, even where "the record does not contain sufficient evidence to support such finding [of the actual amount of loss]" or the defendant has requested a hearing (Penal Law § 60.27 [2]), nothing in the statutory text requires a formal evidentiary hearing. Rather, as noted, this Court has characterized the hearing as "a reasonable opportunity [for the defendant] to contest the People's evidence or supply evidence on his [or her] own behalf" (*Consalvo*, 89 NY2d at 146).

Defendant was given that opportunity here—not only did he cross-examine the People's witness and put his own witness on the stand at the initial hearing before the JHO, but County Court offered him the opportunity to call witnesses or put in proof during the second hearing, as well. Nor is there any indication that the trial court shifted the burden of proof to defendant, as he argues. The People simply chose to meet their burden by submitting the transcript of the prior hearing and resubmitting the exhibits proffered at that hearing. Ultimately, defendant chose to rely on that same evidence. We have held that it is entirely permissible for the trial court to request that a third party, such as a probation department, ascertain relevant facts and "submit its recommendations in a written report," so long as "in the end it is . . . the court, which alone . . . impose[s] the sentence, [that] decide[s] how much of the report, if any, to adopt and how much to reject" (*Fuller*, 57 NY2d at 158-159). Here, inasmuch as County Court, alone, determined the proper amount of restitution based upon relevant evidence not legally privileged, and after affording defendant a reasonable opportunity to contest the People's evidence and submit his own proof, the hearing held upon remittal met the standard set forth in our prior cases.

Finally, defendant raises no legal error readily discernible from the record to permit this Court to review his unpreserved challenge to the delay in ordering restitution in this case (*see People v Nieves*, 2 NY3d 310, 315-316 [2004]; *see generally* CPL 380.30 [1]). Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam and Garcia concur; Judge Fahey taking no part.

Order affirmed.