*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1555**

State of Minnesota,
Respondent,

vs.

Gary Lee Hanson, Jr.,
Appellant.

**Filed July 5, 2016
Affirmed
Schellhas, Judge**

Cottonwood County District Court
File No. 17-CR-15-76

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Nicholas A. Anderson, Cottonwood County Attorney, Lori A. Buchheim, Assistant County Attorney, Windom, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Schellhas, Judge; and Bratvold, Judge.

## UNPUBLISHED OPINION

**SCHELLHAS**, Judge

Appellant argues that the district court abused its discretion in denying his presentencing motion to withdraw his guilty plea to felony domestic assault. We affirm.

## FACTS

On February 20, 2015, appellant Gary Lee Hanson Jr. was arguing with his mother in their shared residence when he threw a blanket and raised his arm as though threatening to hit his mother, intending to "put fear in her." Police intervention in the argument led to Hanson's arrest, and respondent State of Minnesota charged Hanson with felony domestic assault due to Hanson's prior convictions of qualified offenses. On April 21, Hanson pleaded guilty as charged in exchange for the state's agreement to a stay of imposition of sentence and two years of unsupervised probation; the district court accepted Hanson's plea and set a sentencing hearing for May 26. On May 20, Hanson moved to withdraw his guilty plea, asserting that the resulting conviction "has had unforeseen disastrous consequences on [his] employment prospects." The state opposed Hanson's plea-withdrawal motion. After hearing argument and testimony, the court denied Hanson's motion, adjudicated his guilt, and stayed imposition of sentence under the plea deal.

This appeal follows.

## DECISION

"A defendant has no absolute right to withdraw a guilty plea after entering it." *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). "[A] court must allow withdrawal of a guilty plea if withdrawal is necessary to correct a 'manifest injustice.'" *Id.* (quoting Minn. R. Crim. P. 15.05, subd. 1). And "a court may allow withdrawal any time before sentencing if it is 'fair and just' to do so." *Id.* (quoting Minn. R. Crim. P. 15.05, subd. 2). "The 'fair and just' standard requires district courts to give 'due consideration' to two factors: (1) the reasons a defendant advances to support withdrawal and (2) prejudice granting the motion

2

would cause the State given reliance on the plea." *Id.* at 97 (quoting Minn. R. Crim. P. 15.05, subd. 2). "A defendant bears the burden of advancing reasons to support withdrawal," while "[t]he State bears the burden of showing prejudice caused by withdrawal." *Id.* "[Appellate courts] review a district court's decision to deny a withdrawal motion for abuse of discretion, reversing only in the rare case." *Id.* (quotation omitted).

Hanson does not argue here, nor did he argue to the district court, that withdrawal of his guilty plea is necessary to correct a manifest injustice. Instead, he argues that he has established that withdrawal of his plea is fair and just, that the state has failed to show that withdrawal would cause prejudice to it, and that the district court therefore abused its discretion by denying his presentencing plea-withdrawal motion. According to Hanson, because he would not have pleaded guilty if he had known that the resulting conviction would interfere with his out-of-state job prospects, withdrawal of his plea is fair and just.

Hanson's claim is faulty in at least two respects. First, Hanson did not argue to the district court that his guilty plea hinged on the resulting conviction's lack of impact on his future employment. The argument therefore is not properly before us. *See State v. Johnson*, 851 N.W.2d 60, 64 (Minn. 2014) ("Generally, we will not consider arguments that are made for the first time on appeal."). Second, the district court found that Hanson did not show that the conviction has prevented him from obtaining employment and that "there are many reasons why [Hanson] has had difficulty finding a job." These findings have ample support in the record, and we will not disturb them on appeal. *See State v. Byron*, 683 N.W.2d 317, 322 (Minn. App. 2004) (stating that "[o]n questions of fact, if there is

3

sufficient evidence to support the district court's findings, they will not be disturbed" on review of district court's plea-withdrawal decision), *review denied* (Minn. Sept. 29, 2004).

At most, the evidence supports a finding that Hanson's newest conviction has had an incremental negative effect on his ability to secure desired employment. But the district court made no such finding. Even if it had, a finding of negative employment consequences would not have compelled the court to grant Hanson's plea-withdrawal motion. *See* Minn. R. Crim. P. 15.05, subd. 2 ("In its discretion the court *may* allow the defendant to withdraw a plea at any time before sentence if it is fair and just to do so." (emphasis added)); *Butala v. State*, 664 N.W.2d 333, 338 (Minn. 2003) (stating that "[t]he ultimate decision of whether to allow withdrawal under the 'fair and just' standard is left to the sound discretion of the trial court" (quotation omitted)).

In sum, the district court gave "due consideration to the reasons advanced by [Hanson] in support of the [plea-withdrawal] motion," Minn. R. Crim. P. 15.05, subd. 2, but it determined that those reasons were lacking. Accordingly, although the court acknowledged that withdrawal would result in "relatively minimal" prejudice to the state, the court was not persuaded to exercise its discretion to permit withdrawal. Hanson pleaded guilty to felony domestic assault after receiving a favorable plea deal; acknowledging and waiving his trial rights; stating that defense counsel "did a nice job" representing him; and affirming that, "with a knowledge and understanding of all of [his] rights," he still wanted to plead guilty. We conclude that the district court did not abuse its discretion in making the finality-preserving decision not to allow Hanson to withdraw his plea. *See Kaiser v. State*, 641 N.W.2d 900, 903 (Minn. 2002) ("Public policy favors the finality of judgments

4

and courts are not disposed to encourage accused persons to play games with the courts by setting aside judgments of conviction based upon pleas made with deliberation and accepted by the court with caution." (quotations omitted)).

**Affirmed.**