People v O'Connor (2019 NY Slip Op 08333)





People v O'Connor


2019 NY Slip Op 08333


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


1124 KA 17-01085

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WALTER C. O'CONNOR, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






ADAM H. VAN BUSKIRK, AUBURN, FOR DEFENDANT-APPELLANT. 
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered October 6, 2016. The judgment convicted defendant upon his plea of guilty of grand larceny in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal Nos. 1 and 2, defendant appeals from judgments convicting him upon his respective pleas of guilty of grand larceny in the third degree (Penal Law § 155.35 [1]) and attempted assault in the second degree (§§ 110.00, 120.05 [2]). In appeal No. 3, defendant appeals from an amended order that set the amount of restitution related to the conviction of grand larceny in the third degree at $7,100.
Addressing appeal No. 3 first, contrary to defendant's contention, the amount of restitution is supported by a preponderance of the evidence. It is well settled that the People have the burden at a restitution hearing to establish "the victim's out-of-pocket loss—the amount necessary to make the victim whole—by a preponderance of the evidence" (People v Tzitzikalakis, 8 NY3d 217, 221 [2007]; see People v Consalvo, 89 NY2d 140, 145 [1996]). "Any relevant evidence, not legally privileged, may be received regardless of its admissibility under the exclusionary rules of evidence" (CPL 400.30 [4]). Here, we conclude that County Court properly determined the amount of restitution based on defendant's admission during the plea proceedings in appeal No. 1 that he stole $7,100 from the victim (see People v Spossey, 107 AD3d 1420, 1420-1421 [4th Dept 2013], lv denied 22 NY3d 1159 [2014]; People v Price, 277 AD2d 955, 955-956 [4th Dept 2000]); see generally People v Connolly, 27 NY3d 355, 360 [2018]).
We reject defendant's contention in appeal No. 3 that the court abused its discretion in denying his request to substitute counsel prior to the restitution hearing. The court made the requisite "minimal inquiry" into defendant's objections concerning his attorney (People v Sides, 75 NY2d 822, 825 [1990]), and reasonably determined that defendant had not shown good cause for substitution (see People v Jones, 149 AD3d 1576, 1578 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]; People v Blackwell, 129 AD3d 1690, 1691 [4th Dept 2015], lv denied 26 NY3d 926 [2015]). We further conclude in appeal No. 3 that defendant was not deprived of effective assistance of counsel during the restitution hearing (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, in appeal Nos. 1 and 2, defendant's sentence is not unduly harsh or severe.
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court