People v Yates (2024 NY Slip Op 01258)

People v Yates

2024 NY Slip Op 01258

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024

Before: Oing, J.P., Moulton, Kapnick, Mendez, Shulman, JJ. 

Ind. No. 3702/17 Appeal No. 1821 Case No. 2020-02447 

[*1]The People of the State of New York, Respondent,
v
Mark Yates, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), and Arnold & Porter, New York (Michael Kim Krouse of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.

Judgment, Supreme Court, New York County (Felicia Mennin, J.), rendered March 4, 2020, convicting defendant, after a jury trial, of grand larceny in the second degree, offering a false instrument for filing in the first degree (two counts), and criminal tax fraud in the third degree, and sentencing him to an aggregate term of 3 to 9 years, unanimously affirmed.
Defendant's legal insufficiency claim regarding the grand larceny conviction is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. There was legally sufficient evidence to support the conclusion that DuArt Film Laboratory, Inc., defendant's employer, had a superior right to possession of the funds that defendant diverted from the company and, therefore, was the "owner" of those funds (see Penal Law §§ 155.00[5], 155.05[1]). The evidence established that defendant, while in his role as a DuArt employee, submitted fraudulent invoices to clients directing them to remit payments to bank accounts that he controlled, including the bank account of New York Digital Media (NYDM), a company he owned, and later used those payments for his personal benefit. The evidence does not support defendant's claims that the payments were for work that DuArt and NYDM had jointly performed for the clients pursuant to a business arrangement between the two entities, and that he was authorized to collect them. Thus, defendant's contention that his retention of the funds constituted only breach of a contractual obligation to pay DuArt its share of the proceeds from the joint projects, and did not support a criminal larceny conviction, is unavailing (cf. People v Jennings , 69 NY2d 103, 127 [1986]; People v Yannett , 49 NY2d 296, 301-302 [1980]).
By failing to request a hearing to determine the restitution amount or otherwise object to the restitution order at sentencing, defendant failed to preserve his challenge to the restitution award (see People v Horne , 97 NY2d 404, 414 n 3 [2002]), and we decline to review it in the interest of justice. As an alternative holding, we find that the restitution award was supported by the trial record, particularly when viewed in light of defendant's concession of the approximate amount of money he diverted to himself (see People v Consalvo , 89 NY2d 140, 144 [1996]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024