People v Ulmer (2024 NY Slip Op 02229)

People v Ulmer

2024 NY Slip Op 02229

Decided on April 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 25, 2024

112490
[*1]The People of the State of New York, Respondent,
v
Akeem Ulmer, Appellant.

Calendar Date:March 26, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Erin C. Morigerato, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Kathleen B. Hogan, J.), rendered November 7, 2019 in Schenectady County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant, who was charged by felony complaints with several drug-related offenses, waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with criminal possession of a controlled substance in the third degree. In satisfaction of the superior court information and other uncharged crimes, defendant pleaded guilty to the subject crime with the understanding that he would be sentenced to a prison term of 13 years, to be followed by a period of postrelease supervision to be determined by Supreme Court. As part of the plea agreement, defendant was required to waive the right to appeal. Supreme Court thereafter sentenced defendant, as a second felony offender with a prior violent felony conviction, to 13 years in prison, to be followed by three years of postrelease supervision, and ordered that defendant pay $1,563 in restitution. Defendant appeals.
We affirm. Initially, we agree with defendant that his appeal waiver is not valid. The written appeal waiver executed by defendant is overly broad in that it purported to create an absolute bar to a direct appeal by indicating that the waiver "mark[s] the end of [his] case" and precludes him from pursuing collateral relief in state and federal courts (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Ward, 204 AD3d 1172, 1172 [3d Dept 2022], lv denied 38 NY3d 1136 [2022]). Further, these defects were not cured by Supreme Court's oral colloquy (see People v Dunbar, 218 AD3d 931, 932 [3d Dept 2023], lv denied 40 NY3d 950 [2023]; People v Tiggs, 216 AD3d 1357, 1357 [3d Dept 2023], lv denied 40 NY3d 952 [2023]).
Defendant's challenge to the voluntariness of his plea is not preserved for our review as the record does not reveal that he made an appropriate postallocution motion and the narrow exception to the preservation requirement was not triggered (see People v Lamondie, 220 AD3d 991, 992 [3d Dept 2023]; People v Miller, 215 AD3d 1141, 1142 [3d Dept 2023], lv denied 40 NY3d 930 [2023]). Defendant's ineffective assistance of counsel claims, insofar as they impact the voluntariness of the plea, are similarly unpreserved for review based upon the lack of an appropriate postallocution motion (see People v Faublas, 216 AD3d 1358, 1359 [3d Dept 2023], lv denied 40 NY3d 934 [2023]; People v West, 210 AD3d 1194, 1195 [3d Dept 2022], lv denied 39 NY3d 1080 [2023]). To the extent that defendant's ineffective assistance of counsel claims involve matters outside of the record, such claims are more properly the subject of a CPL article 440 motion (see People v Hilliard, 214 AD3d 1259, 1261 [3d Dept 2023], lv denied 40 NY3d 929 [2023]; People v Dye, 210 AD3d 1192, 1194 [3d Dept 2022], lv denied 39 NY3d 1072 [2023]). As for [*2]restitution, defendant initially objected to the amount imposed during the plea allocution. The allocution was adjourned in order for the People to confirm the amount owed and, upon resumption of the colloquy, defendant ultimately agreed to the amount proffered by the People. Accordingly, no restitution hearing was required (see Penal Law § 60.27 [2]; People v Faranda, 86 AD3d 862, 863 [3d Dept 2011], lv denied 17 NY3d 903 [2011]; People v Drew, 16 AD3d 840, 841 [3d Dept 2005]) and "counsel's failure to request a hearing did not deprive defendant of meaningful representation" (People v Faranda, 86 AD3d at 863).
In light of the invalid appeal waiver, defendant's challenge to the perceived severity of his sentence is not precluded (see People v Hopkins, 221 AD3d 1350, 1351 [3d Dept 2023]; People v Potter, 219 AD3d 1648, 1649 [3d Dept 2023]). That said, upon reviewing the record and considering all the relevant circumstances, including defendant's criminal history, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]) and decline defendant's invitation to modify it in the interest of justice.
Clark, J.P., Aarons, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.