■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BERTOLINO, Appellant. [606 NYS2d 336] —Weiss, P. J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered December 23, 1992, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the third degree and reckless endangerment in the first degree.

Defendant contends that the sentence imposed for his criminal activity occurring on March 21, 1992 improperly includes a restitution requirement relevant to a January 18, 1992 offense. Penal Law § 60.27 (4) provides that restitution may be ordered for offenses contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense. When defendant pleaded guilty on July 20, 1992, the plea was in satisfaction of all other pending charges in Columbia County. Charges relating to the January 18, 1992 offense were then pending in Hudson City Court. While formally dismissed on October 27, 1992 by the Hudson City Court, such dismissal was specifically provided for in defendant's plea bargain, and accordingly disposed of thereby. Thus, restitution for the damages involved in the January 18, 1992 offense are within the clear purview of Penal Law § 60.27 (4). At sentencing, defendant, while denying the underlying January 18,

1992 criminal acts, raised no objection to the restitution. His argument on this appeal, i.e., that the disposal of the January 18, 1992 charges was not part of his plea bargain, has no merit.

Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed.