THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES VISSER, Appellant. [692 NYS2d 868] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of forgery in the second degree (Penal Law § 170.10 [1]). At the plea proceeding, defendant waived indictment and agreed to be prosecuted by a superior court information charging him with one count of forgery in the second degree. The plea was made subject to the agreement that, if defendant paid full restitution by the sentencing date, County Court would impose an indeterminate sentence of incarceration of 2 to 4 years that would run concurrently with a sentence imposed upon defendant on an unrelated conviction in another county; otherwise, the sentence of 2 to 4 years would be consecutive to the sentence imposed on the unrelated conviction. In pleading guilty to forgery in the second degree, defendant admitted that he had forged and cashed a check in the amount of $83.19. After defendant's plea, defense counsel informed the court that "the amount of monies due and owing in restitution may be anywhere from ten to twenty thousand dollars" on numerous unrelated checks. The prosecutor was unable to inform the court how much restitution should be paid. The court stated that it knew restitution would be more than $200, but did not know that it would be $20,000. Defense counsel responded that

he "didn't know that we're talking $20,000." The court adjourned the matter for sentencing without specifying the amount of restitution defendant was required to pay by the sentencing date. The only concrete evidence of the loss sustained by the victim of the crime to which defendant pleaded guilty is in the victim impact statement in the presentence report, which states that P & C Foods, in whose store the victim's checks were cashed, was attempting to collect $334.82 from the victim for $274.82 in bad checks and $60 in surcharges.

Defendant did not pay restitution and, at sentencing, the court sentenced him as a second felony offender to an indeterminate term of incarceration of 2 to 4 years and directed that it be consecutive to the sentence imposed on the unrelated conviction. The court did not order restitution as part of the sentence.

The court erred in not determining the amount of restitution that defendant was required to pay before the sentencing date in order to receive the bargained-for concurrent sentence. Defendant himself did not concede facts necessary to establish the amount of restitution (see, People v Consalvo, 89 NY2d 140, 144-146), and defense counsel's estimate did not bind defendant to make restitution in a specific amount. Under the plea agreement, defendant was entitled to a concurrent sentence if he paid restitution before the sentencing date. Defendant could not pay an amount that was never determined, and the amount of restitution could not be based solely on defense counsel's estimate that the victims' losses ran between $10,000 and $20,000.

Moreover, even if there were an agreement to pay restitution that included the amount of other bad checks, the court could not make the sentence dependent on defendant's paying the amount of those checks. Restitution may be based only on "the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty" (Penal Law § 60.27 [4] [a]; see, Penal Law § 60.27 [1]; People v Bertolino, 199 AD2d 715, lv denied 83 NY2d 849). A review of the plea proceeding does not show that defendant pleaded guilty in satisfaction of other offenses that were part of the same criminal transactions or for which accusatory instruments had been filed, as required by the statute. Indeed, the record does not contain evidence of the exact losses of other victims. The amount of restitution could not have exceeded $334.82, the single victim's loss according to the presentence report.

It is settled law that "a guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" (*People v Selikoff*, 35 NY2d 227, 241, *cert denied* 419 US 1122). The court's failure to determine pursuant to Penal Law § 60.27 the specific amount of restitution defendant was required to pay as a condition of the imposition of a concurrent sentence constitutes a departure from defendant's right to be sentenced as provided by law. We therefore modify the judgment by vacating the sentence, and we remit the matter to Onondaga County Court to resentence defendant in accordance with the plea agreement or to permit defendant to withdraw his plea. (Appeal from Judgment of Onondaga County Court, Burke, J.— Forgery, 2nd Degree.) Present—Denman, P. J., Pine, Pigott, Jr., Callahan and Boehm, JJ.