■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHALEEK DRAYTON, Appellant. [913 NYS2d 424]—

Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 6, 2009, convicting defendant upon his plea of guilty of the crime of arson in the second degree.

Defendant was charged in an indictment with arson in the second degree and burglary in the second degree after he entered his former girlfriend's apartment and started a fire, causing extensive property damage. In satisfaction of the indictment and other unindicted crimes, defendant pleaded guilty to arson in the second degree. As part of the plea agreement, defendant waived his right to appeal and agreed to be sentenced to up to 15 years in prison, to be followed by a five-year period of postrelease supervision, and also to pay restitution. He was

subsequently sentenced to a prison term of 13 years, to be followed by five years of postrelease supervision, and was ordered to pay restitution in the amount of $17,656.39. Defendant appeals.

We affirm. Defendant's challenge to the restitution order is unpreserved for our review given his failure to request a hearing or challenge the amount of restitution at sentencing (*see People v White*, 66 AD3d 1130, 1130-1131 [2009]; *see also People v Thomas*, 71 AD3d 1231, 1232 [2010], *lv denied* 14 NY3d 893 [2010]). Notably, the record discloses that the payment of restitution was a condition of the plea agreement, defendant had an opportunity to review the restitution order prior to sentencing and he consented to the same. Insofar as defendant challenges the legality of the amount of restitution ordered, we find this claim to be without merit. Although the amount exceeded the $15,000 limit set forth in Penal Law § 60.27 (5) (a), the excess was authorized pursuant to Penal Law § 60.27 (5) (b) as the proof in the record established that the amount was limited to the value of the victim's property (*see e.g. People v Pump*, 67 AD3d 1041, 1042 [2009], *lv denied* 13 NY3d 941 [2010]). Accordingly, we find no reason to disturb the judgment of conviction.

Mercure, J.P., Spain, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.