■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENISE M. TALLMAN, Appellant. [918 NYS2d 391]—

In 2009, while on probation, defendant was charged in a two-count indictment with the crimes of leaving the scene of an incident without reporting and falsely reporting an incident in the third degree. In satisfaction of the indictment and the dismissal of a pending declaration of delinquency, defendant pleaded guilty to leaving the scene of an incident without reporting, waived her right to appeal and agreed to pay restitution in an undetermined amount. She was later sentenced, in accordance with the plea agreement, as a second felony offender to 1½ to 3 years in prison and was also ordered to pay restitution. After being given—and having rejected—an opportunity to

withdraw her plea, she was resentenced to 1 to 3 years in prison.* Defendant now appeals.

Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record, counsel's brief and defendant's pro se submission, we disagree. We find that there is at least one issue of arguable merit pertaining to the propriety of the amount of restitution awarded by County Court that warrants further consideration, and that such consideration is not precluded by defendant's waiver of the right to appeal (*see People v Galietta*, 64 AD3d 995 [2009]). Accordingly, without passing judgment on any issue, we grant counsel's application and direct that new counsel be assigned to address this issue and any others that the record may reveal (*see People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]; *see generally People v Stokes*, 95 NY2d 633 [2001]).

Spain, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.

---

* The resentence was necessary because it was subsequently discovered that the crime to which defendant pleaded guilty did not qualify her as a second felony offender and that the agreed-upon sentence was illegal.