■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS J. SMITH, JR., Appellant. [932 NYS2d 386]—

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with burglary in the third degree. He pleaded guilty to that crime and waived his right to appeal. Under the terms of the plea agreement, defendant was required to pay an unspecified amount of restitution and was to be sentenced, as a second felony offender, to 2 to 4 years in prison if he complied with certain conditions of the plea agreement including, among other things, that he abstain from the use of drugs and alcohol. County Court warned defendant that if he violated the terms of his presentencing release probation, it would not be bound by the sentencing commitment and could sentence him to as much as 3½ to 7 years in prison. At sentencing, it was disclosed that defendant violated the terms of his probation by smoking marihuana. The court then sentenced him to 3 to 6 years in prison. He now appeals.

Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Upon our review of the record and defense counsel's brief, we conclude that there are issues of "arguable merit" (*People v Cruwys*, 113 AD2d 979, 980 [1985], *lv denied* 67 NY2d 650 [1986]), including the propriety of the award of restitution and whether County Court erred in imposing an enhanced sentence (*see People v Tallman*, 82 AD3d 1363, 1364 [2011]; *People v Coffey*, 77 AD3d 1202, 1203-1204 [2010]; *see also People v McDowell*, 56 AD3d 955, 956 [2008]). Accordingly, without passing judgment on the ultimate merit of these issues, we grant counsel's request for leave to withdraw and assign new counsel to address these issues and any others that the record may disclose (*see People v Stokes*, 95 NY2d 633 [2001]; *People v Cruwys*, 113 AD2d at 980).

Mercure, J.P., Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.