■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MORRISHAW, Appellant. [937 NYS2d 763]—

Peters, J.

Assuming, without deciding, that the nearly 2½-year delay between defendant's sentencing and the modification of the restitution order did not divest County Court of jurisdiction over defendant (*see People v Naumowicz*, 76 AD3d 747, 749 [2010]; *People v Knowles*, 293 AD2d 770, 771 [2002]; *People v Swiatowy*, 280 AD2d 71, 73 [2001], *lv denied* 96 NY2d 868

[2001]),[2] we agree with defendant's contention that the court did not have the authority to require him to make restitution to the funeral home. Pursuant to Penal Law § 60.27 (1), County Court is authorized to order restitution to the "victim" of a crime as part of the sentence imposed. Here, the funeral home is not a "victim" of the crime since the expenses for which it seeks reimbursement did not arise from a "legal obligation[ ] . . . directly and causally related to the crime," but rather was voluntarily incurred (*People v Cruz*, 81 NY2d 996, 998 [1993]; *compare People v Kim*, 91 NY2d 407, 411 [1998] [insurance company was classified a "victim" because it was legally obligated under its insurance contract to pay for the victim's medical expenses for treatment of injuries caused by the defendant's crimes]; *People v Hall-Wilson*, 69 NY2d 154, 157-158 [1987] [the defendant's employer was entitled to restitution as a "victim" for the amount that the employer was legally obligated to pay to its customer because of the fire set by the defendant while acting in the scope of his employer's business]; *People v Russell*, 41 AD3d 1094, 1097 [2007], *lv denied* 10 NY3d 964 [2008] [same]). Nor can the funeral home be deemed a "representative" of the crime victim to whom restitution may be ordered (Penal Law § 60.27 [4] [b]), as it is not "one who represents or stands in the place of [the victim], [such as] an agent, an assignee, an attorney, a guardian, a committee, a conservator, a partner, a receiver, an administrator, an executor or an heir of another person, or a parent of a minor" (Executive Law § 621 [6]). Rather, the funeral home is a creditor of the victim's mother, having voluntarily contracted with her to provide services. Seeking payment for its services, the funeral home's resort was to a civil action against the victim's mother for breach of contract, not the criminal courts. As County Court lacked the authority to order restitution to the funeral home, the July 2009 restitution order must be reversed and the August 2006 order of restitution reinstated.

Mercure, A.P.J., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, and the August 2006 restitution order reinstated.

**2.** At the hearing before County Court, counsel for the funeral home affirmed that he had been informed by the victim's mother shortly after defendant's sentencing in 2006 that she had no intention of paying the bill for the funeral expenses, yet failed to make the instant "application" until April 2009.