(September 26, 2013)

██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERICA M. MAHAR, Appellant. [972 NYS2d 733]—

Peters, P.J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 18, 2010, which resentenced defendant following her conviction of the crime of grand larceny in the fourth degree.

Pursuant to a negotiated plea agreement, defendant waived indictment and pleaded guilty in August 2008 to a reduced count of grand larceny in the fourth degree in satisfaction of a superior court information with the understanding that she would be sentenced to, among other things, five years of probation and ordered to pay $9,700 in restitution related to her theft of jewelry. Following defendant's plea, sentencing was postponed several times due principally to defendant's drug treatment commitments and attempts to ascertain the correct amount of restitution from the victim. Notably, in October 2008, County Court received the presentence investigation report, which included a request for restitution from the victim stating that the value of the stolen jewelry was much greater than the amount referenced in the plea agreement. Ultimately, defendant was sentenced on September 14, 2009 to, among other things, five years of probation and ordered to pay restitution in the amount of $2,500. Subsequently, the court determined that the restitution amount was incorrect,[1] and it notified defendant

---

1. County Court indicated that the $2,500 amount arrived at in the September 2009 sentencing appeared to reflect the amount that the victim

that a restitution hearing would ensue. That hearing was held—over defendant's objection—on May 7, 2010, at which time the victim testified in detail about the stolen items, and numerous receipts and appraisals were submitted into evidence that exceeded the original amount of restitution. As a result, on May 18, 2010, the court resentenced defendant by changing the restitution amount to $28,652.81, plus applicable fees and surcharges,[2] and it amended the terms of her probation accordingly. This appeal ensued.[3]

Initially, we are unpersuaded by defendant's claim that County Court lacked the authority to amend the amount of restitution after defendant's original sentencing in September 2009. Notably, "in the normal course of events, the People must 'advise the court at or before the time of sentencing that the victim seeks restitution . . . and the amount of restitution . . . sought' (Penal Law § 60.27 [1]), and the trial court must determine the amount of restitution at the time of sentencing" (*People v Naumowicz*, 76 AD3d 747, 749 [2010]). Nevertheless, "the court's continuing jurisdiction to impose restitution has been recognized where the claim for restitution is raised at or prior to sentencing and the modification or correction of the sentence occurs within a reasonable time thereafter" (*id.* at 749; *see generally People v Morrishaw*, 92 AD3d 1088, 1088-1089 [2012], *lv denied* 18 NY3d 996 [2012]; *People v Russo*, 68 AD3d 1437 [2009]).

Here, we do not find the delay between defendant's September 2009 sentencing and the modification of the restitution order in September 2010 following a hearing unreasonable given the various factors presented by this case (*see People v Knowles*, 293 AD2d 770, 771 [2002]). "Nonetheless, [a] sentencing court may not impose a more severe sentence than one bargained for

was reimbursed by her insurance company as opposed to her actual out-of-pocket loss.

2. We note that, beyond asserting that any restitution order should not exceed the total amount of $9,700 set forth in the original plea agreement, defendant takes no issue with the specific amounts set forth as a result of the restitution hearing.

3. While the People, citing CPL 450.10, claim that defendant is challenging a nonreviewable restitution order herein, "inasmuch as we deem the postsentence restitution order[ ] here to be [a]n amendment[ ] to the judgment of conviction, our review . . . is appropriate" (*People v Naumowicz*, 76 AD3d 747, 749 n 1 [2010]; *see People v Morrishaw*, 92 AD3d 1088, 1088 n 1 [2012], *lv denied* 18 NY3d 996 [2012]). Moreover, given defendant's objection to County Court's authority to amend the restitution amount after the original sentencing, we do not agree with the People's contention that defendant failed to preserve her challenge by moving to withdraw her plea or making a postjudgment motion (*see People v Naumowicz*, 76 AD3d at 748-749).

without providing [the] defendant the opportunity to withdraw his [or her] plea" (*People v Naumowicz*, 76 AD3d at 750 [internal quotation marks and citation omitted]). Thus, in light of the fact that the amended restitution amount unquestionably exceeds the total amount to which defendant agreed at the time of her plea and she seeks, among other things, vacatur of that plea herein, we deem it appropriate to remit the matter for the purpose of allowing defendant the opportunity to either accept the enhanced restitution amount or withdraw her plea (*see id.*; *People v Brown*, 198 AD2d 901 [1993]).

Stein, McCarthy and Spain, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the amended restitution order imposed; matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.