# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**793**

**KA 14-00513**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

ALBERT J. WEBBER, DEFENDANT-APPELLANT.

---

JAMES S. KERNAN, PUBLIC DEFENDER, LYONS (RICHARD W. YOUNGMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Wayne County Court (John B. Nesbitt, J.), entered January 15, 2014. The order directed defendant to pay restitution in the amount of $10,330.

It is hereby ORDERED that the order so appealed from is unanimously vacated.

Memorandum: Defendant was convicted upon his plea of guilty of, inter alia, criminal possession of stolen property in the fifth degree (Penal Law § 165.40). County Court sentenced him to a term of incarceration and scheduled a hearing to determine the amount of restitution to be imposed. Defendant did not appeal from the original judgment of conviction and now appeals from the order of restitution entered following a hearing. We note at the outset that, because the court bifurcated the sentencing proceeding by severing the issue of restitution for a separate hearing, defendant properly appeals as of right from the order of restitution (*see People v Connolly*, 100 AD3d 1419, 1419; *People v Brusie*, 70 AD3d 1395, 1396).

We agree with defendant that the court erred in imposing restitution based on the evidence presented at the restitution hearing. "Restitution may be based only on 'the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty' " (*People v Visser*, 256 AD2d 1106, 1107, quoting Penal Law § 60.27 [4] [a]). Upon our review of the record, we conclude that the testimony of the owner of the stolen property that was the subject of the restitution hearing was insufficient to establish that such stolen property was part of the same criminal transaction as the stolen property that was the subject of defendant's plea of guilty, i.e., two pieces of blue painted steel. Indeed, no evidence was presented at the hearing

establishing that defendant's acquisition of the two pieces of blue painted steel found in his possession was part of the same criminal transaction involving the theft of numerous other items for which restitution was ordered. We conclude that "the court erred in imposing restitution arising from a charge of [larceny] because that charge was not contained in the indictment, nor was it related to an offense that was 'part of the same criminal transaction or . . . contained in any other accusatory instrument disposed of by' defendant's plea of guilty to the offense on appeal" (*People v Moore*, 124 AD3d 1386, 1387). We therefore vacate the order on appeal.

Entered: June 19, 2015                          Frances E. Cafarell
                                                Clerk of the Court