*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 2, 2015                        106159
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                       MEMORANDUM AND ORDER

TERRY L. RIVERS,
                    Appellant.
_____

Calendar Date:  May 5, 2015

Before:  Garry, J.P., Egan Jr., Lynch and Devine, JJ.

_____

        G. Scott Walling, Schenectady, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

_____

        Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered August 13, 2013, which revoked defendant's probation and imposed a sentence of imprisonment.

        In 2005, defendant was convicted of two counts of grand larceny in the fourth degree and was sentenced to five years of probation.  He was subsequently charged with violating the conditions of his probation after he went to Texas on a one-month pass and neither returned nor reported to his probation officer.  A warrant was issued for his arrest and he was eventually returned to New York in 2013.  Defendant admitted to the probation violations and his probation was revoked.  County Court then sentenced him to concurrent terms of 1⅓ to 4 years in prison on each count of grand larceny in the fourth degree.  He

now appeals.[1]

Defendant's sole contention is that his sentence is harsh and excessive.  Based upon our review of the record, we disagree. Defendant has many prior criminal convictions and he admitted to violating his probation without any promise being made as to the sentence that would be imposed.  Furthermore, he absconded from the jurisdiction and remained in Texas until 2013, more than six years afer the declaration of delinquency was issued.  In view of the foregoing and even though defendant received the maximum sentence for a class E felony (see Penal Law § 70.00 [2] [e]; [3] [b]), we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Lowe, 53 AD3d 982, 983 [2008]; People v Ciarleglio, 299 AD2d 571, 572 [2002]).

Garry, J.P., Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court

_____

[1]  Although defendant was released to parole in October 2014, his appeal is not moot given that he is still under the control of the Board of Parole until he completes his sentence (see People v Sebring, 111 AD3d 1346, 1347 [2013], lv denied 22 NY3d 1159 [2013]).