*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 17, 2016          107261
                                                 107262
                                                 107263
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

          v                                MEMORANDUM AND ORDER

THOMAS NESBITT,
                    Appellant.
_____

Calendar Date:   October 21, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

                    _____

          Lisa A. Burgess, Indian Lake, for appellant.

          Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.

                    _____

Clark, J.

          Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered December 1, 2014, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the third degree and criminal contempt in the second degree.

          Defendant pleaded guilty to criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the third degree and criminal contempt in the second degree in full satisfaction of four accusatory instruments, including indictment Nos. I-83-2014 and I-80-2014,

and waived his right to appeal.  County Court thereafter sentenced defendant, as a second felony offender, to consecutive sentences of three years in prison, to be followed by three years of postrelease supervision, on the criminal possession of a controlled substance and criminal sale of a controlled substance convictions, and ordered restitution in the amount of $300 for each conviction.  The court also sentenced defendant to one year in jail for the criminal contempt conviction.  Defendant now appeals.

Defendant contends that, by imposing the one-year sentence on the criminal contempt conviction, County Court improperly enhanced his sentence without offering him an opportunity to withdraw his plea.  While this issue survives his appeal waiver, it is unpreserved for our review due to his failure to object on this ground at sentencing or move to withdraw his plea on this basis (see People v Raleigh, 121 AD3d 1412, 1413 [2014]; People v DePalma, 99 AD3d 1116, 1116-1117 [2012], lv denied 20 NY3d 1010 [2013]).

Defendant also contends that County Court improperly ordered $300 in restitution on his conviction for criminal possession of a controlled substance in the third degree under indictment No. I-80-2014.[1]  Pursuant to the plea agreement, the People requested and defendant agreed to pay $300 in restitution on his conviction for criminal sale of a controlled substance in satisfaction of indictment No. I-83-2014, which represented funds used in a controlled buy.  Although there was no similar agreement regarding the guilty plea to the criminal possession

---

[1]  Defendant was charged in indictment No. I-80-2014 with criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and speeding in violation of the Vehicle and Traffic Law.  He was charged in indictment No. I-83-2014 with two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree.

charge in satisfaction of indictment No. I-80-2014, the People requested the restitution at sentencing, without offering any evidence in support of restitution under this charge. Although defendant's challenge to the restitution ordered for the criminal possession conviction is unpreserved due to his failure to request a hearing or object at the time of sentencing (see People v Vasavada, 93 AD3d 893, 894 [2012], lv denied 19 NY3d 978 [2012]; People v Drayton, 79 AD3d 1529, 1530 [2010]), we find it appropriate to exercise our interest of justice jurisdiction. Accordingly, the judgment is modified by reversing the sentence only insofar as it directs defendant to pay restitution in the amount of $300 pursuant to his conviction under indictment No. I-80-2014 and remit the matter for the sole purpose of a restitution hearing or a redetermination of restitution (see People v Morehouse, 140 AD3d 1202, 1204 [2016], lv denied 28 NY3d 934 [2016]; People v Lyman, 119 AD3d 968, 970 [2014], lv denied 27 NY3d 1153 [2016]).

    McCarthy, J.P., Egan Jr., Lynch and Aarons, JJ., concur.


    ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as ordered restitution in the amount of $300 pursuant to defendant's conviction under indictment No. I-80-2014; matter remitted to the County Court of Franklin County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court