■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMEARI PIXLEY, Appellant. [56 NYS3d 578]—

McCarthy, J.P. Appeals (1) from a judgment of the County Court of Warren County (Hall Sr., J.), rendered July 15, 2015, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree, and (2) from an order of said court, entered September 23, 2015, which set the amount of restitution owed by defendant.

Defendant waived indictment and pleaded guilty to attempted burglary in the third degree as charged in a superior court information stemming from his theft of scrap metal, including copper and brass, from a recycling center on December 24, 2014. The guilty plea also satisfied other pending charges and two other burglaries of the same recycling center earlier that month. The plea agreement included a waiver of appeal and required that defendant make restitution. Defendant's motion to withdraw his guilty plea was denied, and County Court thereafter sentenced defendant, as an admitted second felony offender, to the agreed-upon prison term of 2 to 4 years. Following a hearing, the court ordered that defendant pay restitution in the amount of $11,471. Defendant now appeals from the judgment of conviction and the order of restitution.[1]

---

1. Although the restitution order was not entered until September 23, 2015, the notice of appeal from that order was filed prematurely on September 22, 2015. In the interest of judicial economy, we excuse this defect and treat the notice of appeal as valid (*see* CPLR 5520 [c]; *People v Lesch*, 126 AD3d 1261, 1262 n [2015], *lv denied* 26 NY3d 905 [2015]). Moreover, although generally restitution orders are not appealable (*see* CPL 450.10), "we deem the restitution order here to be an appealable amendment to the judg-

Defendant's argument that his guilty plea was not knowing, voluntary and intelligent is not precluded by his waiver of appeal and was preserved by his unsuccessful motion to withdraw his guilty plea (*see People v Farnsworth*, 140 AD3d 1538, 1539 [2016]), but we find that his argument lacks merit. During the plea allocution, when asked about any medical or mental health problems, defendant indicated that he had "ADHD" and an unspecified "handicap[ ]" and that he is "supposed to" but "refuse[s] to take" unnamed prescription medication. Defendant thereafter responded affirmatively to County Court's inquiry if he was "thinking clearly today" and "in good physical and mental health," and for the remainder of the proceeding responded appropriately and coherently to the court's questions. While defendant initially exhibited reluctance during the allocution to admit his conduct, qualifying his admissions with "supposedly" and claiming that he could not recall what he stole because he had been "half asleep," the court repeatedly advised him that he did not have to plead guilty and should not do so unless he was guilty. Defendant consistently indicated throughout the proceeding that he understood and accepted the conditions of the plea agreement and wanted to enter a guilty plea, objecting only to the restitution amount, and ultimately admitted unequivocally that he had attempted to steal copper from the recycling center in the early morning hours of December 24, 2014. Thus, the court satisfied its obligation of further inquiry and ensured that defendant's guilty plea was a knowing and voluntary choice among alternative courses of action (*see People v Manor*, 27 NY3d 1012, 1013 [2016]; *People v Conceicao*, 26 NY3d 375, 382 [2015]; *People v Fiumefreddo*, 82 NY2d 536, 547-548 [1993]).

Further, the conclusory claims of defense counsel in defendant's motion to withdraw his plea—that defendant has "mental and/or emotional issues that render him unable to fully comprehend and appreciate the nature of the [plea] proceedings"—were unsupported by an affidavit from defendant or any medical evidence. Accordingly, we discern no basis upon which to disturb County Court's discretionary determination, after observing defendant firsthand during the plea colloquy, to deny defendant's request to withdraw his guilty plea (*see* CPL 220.60 [3]; *People v Fisher*, 28 NY3d 717, 726 [2017]; *People v Manor*, 27 NY3d at 1013-1014; *People v Seeber*, 4 NY3d 780, 781-782 [2005]; *People v Alexander*, 97 NY2d 482, 486 [2002]).

Contrary to defendant's claim, the record reflects that the

ment of conviction" (*People v Morrishaw*, 92 AD3d 1088, 1088 n 1 [2012], *lv denied* 12 NY3d 761 [2009]).

combined oral and written waiver of appeal was knowing, voluntary and intelligent (*see People v Sanders*, 25 NY3d 337, 339-341 [2015]; *People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Toledo*, 144 AD3d 1332, 1332-1333 [2016]). The plea minutes reflect that an appeal waiver was recited as a condition of the plea agreement, defendant agreed to it, and County Court explained it to him without improperly lumping it with the trial-related rights automatically forfeited by his guilty plea (*see People v Toledo*, 144 AD3d at 1332; *People v Belile*, 137 AD3d 1460, 1461 [2016]). Defendant then signed a written waiver of appeal in court, after conferring with counsel, indicating that he understood it. Given the valid appeal waiver, his challenge to the agreed-upon sentence as harsh and excessive is precluded (*see People v Lopez*, 6 NY3d at 256; *People v Toledo*, 144 AD3d at 1333).[2]

However, we must agree with defendant that County Court's order of restitution stemming from the December 18, 2014 uncharged burglary is not authorized. Pursuant to Penal Law § 60.27, a trial court may order restitution arising from "the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense" (Penal Law § 60.27 [4] [a]). Defendant's guilty plea pertained to the December 24, 2014 burglary of the warehouse, and satisfied uncharged burglaries from that warehouse on December 15 and 18, 2014. As defendant was apprehended following the December 24 burglary and the stolen materials from that incident were returned, the People sought restitution for the two uncharged burglaries totaling over $21,000. After a hearing, County Court determined that there was insufficient evidence that defendant had committed the December 15 burglary but ordered restitution in the amount of $11,471 for the materials stolen in the December 18 burglary.

However, no proof was adduced at the hearing that the December 18 burglary was ever charged in an accusatory instrument and the People did not prove by a preponderance of the evidence that this burglary was part of "the same criminal transaction" as the December 24 crime of conviction (Penal Law § 60.27 [4] [a]; *see People v Connolly*, 27 NY3d 355, 359 [2016]). To be part of the same criminal transaction, the

2. Although defendant was released to parole in December 2016, his challenge to the sentence is not moot because he is still under the supervision of the Board of Parole until his sentence is completed (*see People v Rivers*, 130 AD3d 1092, 1092 n [2015]).

conduct must be "either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture" (CPL 40.10 [2]; *see People v Lynch*, 25 NY3d 331, 334-335 [2015]). Here, the evidence established that there were three separate burglaries, each committed days apart in which distinct materials were stolen, and each was completed when the perpetrator left the premises with the stolen materials (*see e.g. People v Cleveland*, 281 AD2d 815, 815-816 [2001], *lv denied* 96 NY2d 900 [2001]). As such, the evidence established that the burglaries were separate "criminal transaction[s]" and did not demonstrate that they were "integral parts of a single criminal venture" (CPL 40.10 [2] [a], [b]), as there was no proof that they "involve[d] planned, ongoing organized criminal activity, such as conspiracies, complex frauds or larcenies, or narcotics rings" (*People v Lynch*, 25 NY3d at 334-335 [internal quotation marks and citation omitted]). Accordingly, Penal Law § 60.27 (4) (a) did not authorize restitution for the December 18 burglary, and the restitution order must be vacated (*see People v Skerritt*, 128 AD3d 1110, 1111 [2015]).

Egan Jr., Rose, Devine and Clark, JJ., concur. Ordered that the judgment is affirmed.

Ordered that the order is reversed, on the law, and the amount of restitution vacated.