People v Dunn (2018 NY Slip Op 02670)





People v Dunn


2018 NY Slip Op 02670


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

106091

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DAMON DUNN, Appellant.

Calendar Date: March 27, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.


Donna Maria Lasher, Youngsville, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.


Egan Jr., J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered July 23, 2013, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant pleaded guilty to criminal sale of a controlled substance in the third degree in full satisfaction of a nine-count indictment and waived the right to appeal. County Court sentenced him, as a second felony offender, to six years in prison, to be followed by three years of postrelease supervision, and ordered restitution in the amount of $450. Defendant now
appeals.[FN1]
Contrary to defendant's contention, his waiver of the right to appeal was valid. County Court distinguished the right to appeal from the rights automatically forfeited by a guilty plea and defendant affirmed his understanding thereof. Defendant also executed a written waiver, which both he and his counsel signed, that included the acknowledgment that he was waiving the right to appeal after discussing the waiver with counsel. Accordingly, we conclude that defendant's [*2]appeal waiver was knowing, intelligent and voluntary (see People v Peterkin, 156 AD3d 962, 963 [2017]; People v Plass, 150 AD3d 1558, 1559 [2017], lv denied 29 NY3d 1094 [2017]).
Defendant also claims that County Court improperly ordered him to pay $450 in restitution. As part of the plea agreement, the People requested and defendant agreed to pay $250 in restitution, which the People represented as the amount of the funds used in a controlled buy that had not already been recovered (see Penal Law § 60.27 [9]). At sentencing, however, the People requested restitution in the amount of $450, without offering any evidence in support of the increased amount, and County Court so ordered. On appeal, the People concede that the restitution ordered does not conform with the plea agreement and that a modification is warranted. Although defendant failed to preserve his challenge by requesting a hearing or objecting to the amount ordered (see People v Nesbitt, 144 AD3d 1329, 1330 [2016]; People v Morehouse, 140 AD3d 1202, 1204 [2016], lv denied 28 NY3d 934 [2016]), we deem it appropriate to exercise our interest of justice jurisdiction and modify the judgment, only insofar as it directs defendant to pay restitution in the amount of $450, and reduce the amount of restitution to $250 so as to conform with the plea agreement.
Lynch, Devine, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the amount of restitution to $250, and, as so modified, affirmed.



Footnotes

Footnote 1: Although defendant's notice of appeal sets forth the incorrect date of the judgment of conviction, we exercise our discretion to overlook this inaccuracy and treat the notice of appeal as valid (see CPL 460.10 [6]).