People v Waldron (2019 NY Slip Op 07116)





People v Waldron


2019 NY Slip Op 07116


Decided on October 03, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 03, 2019

110016

[*1]The People of the State of New York, Respondent,
v
Corey F. Waldron, Appellant.

Calendar Date: August 30, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Lisa A. Burgess, Indian Lake, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.



Appeal from a judgment of the County Court of Franklin County (Richards, J.), rendered November 1, 2017, convicting defendant upon his plea of guilty of the crime of burglary in the second degree, criminal mischief in the third degree and criminal possession of stolen property in the fourth degree.
Pursuant to a negotiated plea agreement, defendant pleaded guilty to burglary in the second degree, criminal mischief in the third degree and criminal possession of stolen property in the fourth degree and waived his right to appeal with the understanding that, as a second felony offender, he would be sentenced to an agreed-upon period of incarceration and ordered to pay restitution in the amount of $4,100, representing the amount paid by the victims' homeowner's insurance policy. Prior to sentencing, the presentence investigation report set forth detailed information regarding the precise amount paid by the insurance company, which was $4,052.94, as well as the $500 deductible paid by the victims, bringing the total amount to $4,552.94. At sentencing, the People, relying on that detailed information, requested restitution in the amount of $4,552.94, contending, without objection, that it was in accordance with the plea agreement. County Court imposed the agreed-upon prison sentence and ordered restitution in the amount of $4,552.94. Defendant appeals.
Defendant contends that County Court erred in imposing an enhanced restitution without affording him the opportunity to withdraw his guilty plea. Defendant failed to preserve for our review his challenge to the restitution imposed due to his failure to request a hearing or challenge the amount at sentencing (see People v Horne, 97 NY2d 404, 414 n 3 [2002]; People v Dunn, 160 AD3d 1202, 1203 [2018]; People v Nesbitt, 144 AD3d 1329, 1329-1330 [2016]; People v Morehouse, 140 AD3d 1202, 1204 [2016], lv denied 28 NY3d 934 [2016]). Nevertheless, "a sentencing court may not impose a more severe sentence than one bargained for without providing the defendant the opportunity to withdraw his or her plea" (People v Naumowicz, 76 AD3d 747, 750 [2010] [internal quotation marks, brackets and citation omitted]; see People v Mahar, 109 AD3d 1047, 1048-1049 [2013]). Because the restitution imposed exceeds the amount presented by the People to which defendant agreed at the time of the plea and he seeks, among other things, vacatur of the plea, we deem it appropriate to exercise our interest of justice jurisdiction to take corrective action (see e.g. People v Nesbitt, 144 AD3d at 1329-1330; People v Morehouse, 144 AD3d at 1203). Accordingly, we remit the matter for the purpose of allowing defendant to either accept the enhanced restitution amount or give defendant an opportunity to withdraw his plea (see People v Mahar, 109 AD3d at 1049; People v Naumowicz, 76 AD3d at 750).
Lynch, Aarons and Rumsey, JJ., concur,
Egan Jr., J.P. (dissenting).
We respectfully dissent. As the majority notes in its decision, defendant failed to preserve for review his contention that County Court erred when it imposed an enhanced restitution at sentencing without affording him an opportunity to withdraw his guilty plea. Unlike the majority, however, given this lack of preservation, we would decline to take corrective action in the interest of justice (see People v Ortolaza, 120 AD3d 843, 844 [2014], lv denied 25 NY3d 991 [2015]; People v Empey, 73 AD3d 1387, 1389 [2010], lv denied 15 NY3d 804 [2010]). Here, the People requested, and defendant agreed to pay, restitution in the amount of $4,100. Prior to sentencing, however, defendant was provided a copy of the presentence investigation report that reported that the victims were requesting additional restitution in the amount of $500, which represented the deductible component of their insurance policy. At sentencing, the People requested this additional restitution and defendant did not object to this increased amount or request a hearing challenging the restitution imposed. Given the relatively small amount of this increase and the lack of any objection from defendant at sentencing, we do not believe that this is the type of "rare and unusual case that cries out for fundamental justice beyond the confines of conventional considerations" (People v Matthew NN., 156 AD3d 1119, 1120 [2017] [internal quotation marks, brackets and citations omitted]) so as to warrant the exercise of our interest of justice jurisdiction (see People v Patrick, 125 AD3d 1053, 1054 [2015], lv denied 25 NY3d 991 [2015]; People v Ortolaza, 120 AD3d at 844; People v Rossborough, 100 AD3d 1149, 1149 [2012]; People v Planty, 85 AD3d 1317, 1319 [2011], lv denied 17 NY3d 820 [2011]; People v Empey, 73 AD3d at 1389; compare People v Dunn, 160 AD3d 1202, 1203 [2018]; People v Nesbitt, 144 AD3d 1329, 1330 [2016]).
Devine, J. concurs.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the restitution order imposed; matter remitted to the County Court of Franklin County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.