People v Gravell (2019 NY Slip Op 53942)





People v Gravell


2019 NY Slip Op 53942


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

110186

[*1]The People of the State of New York, Respondent,
v
Geoffrey Gravell, Appellant.

Calendar Date: November 8, 2019

Before: Egan Jr., J.P., Lynch, Mulvey and Devine, JJ.


G. Scott Walling, Slingerlands, for appellant, and appellant pro se.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Hogan, J.), rendered January 11, 2018 in Schenectady County, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
In satisfaction of a two-count indictment, defendant pleaded guilty to burglary in the second degree and was required to execute a waiver of appeal. Defendant was sentenced, as a second felony offender, to a prison term of eight years with five years of postrelease supervision. Supreme Court also imposed restitution in the amount of $161.62 and issued an order of protection in favor of the victims. Defendant appeals.
Defense counsel seeks to be relieved of his assignment as counsel for defendant on the ground that there are no nonfrivolous issues that can be raised on appeal. Upon our review of the record, defense counsel's brief and defendant's pro se submission, we disagree. There is at least one issue of arguable merit pertaining to the propriety of the amount of restitution ordered (see People v Waldron, 176 AD3d 1260, ___, 2019 NY Slip Op 07116, *1 [2019]; People v Leone, 91 AD3d 981, 981 [2012]; People v Tallman, 82 AD3d 1363, 1364 [2011]). Accordingly, without passing judgment on the ultimate merit of this or any other issue, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633 [2001]; People v Cruwys, 113 AD2d 979 [1985], lv denied 67 NY2d 650 [1986]).
Egan Jr., J.P., Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.