People v Decker (2023 NY Slip Op 02908)

People v Decker

2023 NY Slip Op 02908

Decided on June 1, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 1, 2023

112195
[*1]The People of the State of New York, Respondent,
v
Brian S. Decker, Appellant.

Calendar Date:April 26, 2023

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Teresa C. Mulliken, Harpersfield, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Nicholas S. Line of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeals (1) from a judgment of the County Court of Chemung County (Christopher P. Baker, J.), rendered August 26, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the fourth degree, and (2) from an order of said court, entered September 11, 2019, which set the amount of restitution owed by defendant.
Defendant was indicted and charged with one count of grand larceny in the third degree and one count of criminal possession of stolen property in the fourth degree. The charges stemmed from an incident wherein defendant was found to be in possession of a 2015 Sure-Trac dump trailer. In full satisfaction of that indictment, defendant pleaded guilty to criminal possession of stolen property in the fourth degree with the understanding that he would be sentenced to five years of probation. The plea agreement did not contain any provision for restitution. At sentencing, however, County Court advised defendant that the victim was seeking restitution and afforded defendant the opportunity to withdraw his plea. Defendant declined County Court's offer but objected to the imposition of restitution and requested a hearing. County Court sentenced defendant to five years of probation and, at the conclusion of the hearing that followed, ordered defendant to pay restitution in the amount of $9,899 (exclusive of the applicable surcharge). These appeals ensued.[FN1]
We affirm. Defendant initially contends that restitution should not have been awarded in the first instance because he did not steal the dump trailer, and the damage sustained thereto was not part of the same criminal transaction that formed the basis for his conviction of criminal possession of stolen property in the fourth degree. We disagree. Penal Law § 60.27 (1) permits the trial court to "require restitution or reparation as part of the sentence imposed upon a person convicted of an offense." An offense, in turn, "shall include the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense" (Penal Law § 60.27 [4] [a]; see People v Pixley, 150 AD3d 1555, 1557 [3d Dept 2017], lv denied 30 NY3d 952 [2017]; People v Sheehy, 274 AD2d 844, 846 [3d Dept 2000], lv denied 95 NY2d 938 [2000]). "To be part of the same criminal transaction, the conduct must be 'either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture' " (People v Pixley, 150 AD3d at 1557-1558, quoting CPL 40.10 [2]).
Given the temporal link between the theft of the dump trailer and defendant's possession thereof, as well as the circumstances under which defendant acquired the dump trailer and the [*2]damage thereto was sustained, we are satisfied that such occurrences were all part of the same criminal transaction (see People v Sheehy, 274 AD2d at 845-846). Further, despite defendant's protestations to the contrary, the record establishes that the dump trailer, which was "stuck on the side of the road" when defendant first saw it, was damaged as a result of his repeated — and initially unsuccessful — attempts to extract it. Under these circumstances, County Court properly determined that restitution was warranted.
As to the amount of restitution awarded, "the People bear the burden of proving the victim's out-of-pocket loss — the amount necessary to make the victim whole — by a preponderance of the evidence" (People v Stevens, 84 AD3d 1424, 1427 [3d Dept 2011] [internal quotation mark and citations omitted], lv denied 17 NY3d 822 [2011]; see People v Horne, 97 NY2d 404, 410-411 [2002]; People v Tuper, 125 AD3d 1062, 1062 [3d Dept 2015], lv denied 25 NY3d 1078 [2015]). In this regard, "any relevant evidence, not legally privileged, is admissible regardless of its admissibility under the exclusionary rules of evidence" (People v Decker, 139 AD3d 1113, 1118 [3d Dept 2016] [internal quotation marks, brackets and citation omitted], lv denied 28 NY3d 928 [2016]; see People v Tuper, 125 AD3d at 1062]). Here, the People offered the testimony of the victim and certain documentary evidence, including the invoice for the initial purchase of the dump trailer and estimates regarding both the cost to repair the dump trailer and the cost to replace it. Such proof, in our view, was sufficient to establish the loss incurred by a preponderance of the evidence (compare People v Wilson, 59 AD3d 807, 808-809 [3d Dept 2009]), thereby shifting the burden to defendant "to offer evidence contradicting the People's calculation" (People v Osborne, 161 AD3d 1485, 1486 [3d Dept 2018] [internal quotation marks and citation omitted]; see People v Decker, 139 AD3d at 1118). Although defendant tendered competing repair/replacement estimates, "County Court was free to credit the testimony and documentation presented by the People" (People v Osborne, 161 AD3d at 1486), and we find that the record as a whole is sufficient to support the total amount of restitution ordered. Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Clark, Aarons and McShan, JJ., concur.
ORDERED that the judgment and the order are affirmed.

Footnotes

Footnote 1: Generally speaking, a defendant may not appeal from a restitution order in a criminal matter (see CPL 450.10). Here, however, County Court indicated at the time of sentencing that the amount of restitution to be imposed would be determined following the requested hearing. Under these circumstances, we will treat "the appealed-from restitution order as an appealable amendment to the judgment of conviction" (People v Russo, 68 AD3d 1437, 1437 n 2 [3d Dept 2009]; see People v Pixley, 150 AD3d 1555, 1555 n 1 [3d Dept 2017], lv denied 30 NY3d 952 [2017]; People v Morrishaw, 92 AD3d 1088, 1088 n 1 [3d Dept 2012], lv denied 18 NY3d 996 [2012]).