People v Ronsani (2024 NY Slip Op 05511)

People v Ronsani

2024 NY Slip Op 05511

Decided on November 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 7, 2024

113161
[*1]The People of the State of New York, Respondent,
v
Brett Ronsani, Appellant.

Calendar Date:October 15, 2024

Before:Clark, J.P., Pritzker, Lynch, Fisher and Powers, JJ.

David E. Woodin, Catskill, for appellant.
Christopher Liberati-Conant, District Attorney, Hudson, for respondent.

Powers, J.
Appeal from a judgment of the County Court of Columbia County (Jonathan D. Nichols, J.), rendered June 28, 2021, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of stolen property in the third degree.
On May 30, 2018, the victim, an antiques dealer, reported that several items that he kept in a storage barn had been stolen. On June 17, 2018, the victim spotted many of the stolen items in the window of an antiques store. The owner of that store informed the police that he had purchased the items from defendant and the codefendant. Thereafter, defendant and the codefendant waived indictment and were charged by superior court information (hereinafter SCI) with criminal possession of stolen property in the third degree. In satisfaction thereof, defendant and the codefendant pleaded guilty to attempted criminal possession of stolen property in the third degree and waived their respective right to appeal. The plea agreement did not include the payment of restitution, as it was believed at the time that all of the stolen property had been recovered.
Prior to sentencing, the victim informed the People that other property had been stolen from the barn that had not been recovered, and that some property that was stored at the barn had been damaged during the theft. At the next appearance, defendant and the codefendant affirmed that they did not want to withdraw their pleas but that they were contesting restitution on the missing and damaged items. Following a restitution hearing, County Court sentenced defendant to three months in jail, to be followed by five years of postrelease supervision, and ordered him to pay restitution, jointly and severally with the codefendant, totaling $27,050 plus a surcharge.[FN1] Defendant appeals, challenging the restitution award.
Contrary to the People's contention, defendant's challenge to the legality of the restitution ordered for the unrecovered and damaged items is properly before us (see People v Skerritt, 128 AD3d 1110, 1111 [3d Dept 2015]; People v Casiano, 8 AD3d 761, 762 [3d Dept 2004]).Turning to the merits, a court may order restitution arising from "the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense" (Penal Law § 60.27 [4] [a]; see People v Decker, 217 AD3d 1008, 1009-1010 [3d Dept 2023]). "To be part of the same criminal transaction, the conduct must be 'either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture' " (People v Pixley, 150 AD3d 1555, 1557-1558 [3d Dept 2017], lv denied 30 NY3d 952 [2017], quoting CPL 40.10 [2]). Defendant and the codefendant were only charged [*2]in the SCI with criminal possession of the stolen property that was recovered from the antiques store. At the time of the plea, the People informed County Court that restitution was not being sought because all the property had been recovered. It was not until the victim's presentence victim impact statement that the victim advised the People that other property, kept at the storage barn, was missing or damaged.[FN2] There is nothing in the record indicating that defendant's plea to the SCI satisfied any charges related to a burglary at the storage barn, and there is no evidence that he was ever at the barn. Although defendant's possession of some of the victim's property at the antiques store suggests that he may have been involved in criminal conduct at the barn, there is no evidence in the record supporting such a conclusion (see People v Casiano, 8 AD3d at 762). In light of the lack of evidence that defendant's possession of the stolen property at the store was part of the same criminal transaction as the theft or damage of items at the storage barn, County Court erred in ordering restitution of those items (see People v Suits, 158 AD3d 949, 951 [3d Dept 2018]; People v Pixley, 150 AD3d at 1557; People v Webber, 129 AD3d 1673, 1674 [4th Dept 2015]). Consequently, the restitution award should be modified by deducting the $26,050 awarded related to the missing and damaged items, with a recalculation of the surcharge on the remaining $1,000 for the items recovered from the store.
Clark, J.P., Pritzker, Lynch and Fisher, JJ., concur.
ORDERED that the judgment is modified, on the law, by reducing the amount of restitution to $1,000 plus the appropriate surcharge, and, as so modified, affirmed.

Footnotes

Footnote 1: This amount included $1,000 to compensate the victim for having to pay that amount to retrieve the property that had been recovered from the antiques store.

Footnote 2: According to the victim's initial report to the police on May 30, 2018, he did not observe any damage to the storage barn or to any of the items that remained there. Additionally, the victim did not identify or provide any details regarding the items that were stolen. The report further states that other antiques dealers store items at the barn, and, although the storage barn was always locked, there is a key hidden there, the whereabouts of which is known to the other dealers and an individual employed by the victim.