STATE OF MINNESOTA

IN SUPREME COURT

A24-1039
A24-1604

County of Hennepin                                                    Procaccini, J.

State of Minnesota,

       Respondent,

vs.                                                          Filed: July 30, 2025
                                                             Office of Appellate Courts

Erick Dewaun Haynes,

       Appellant.

_____

Keith Ellison, Attorney General, Peter Magnuson, Assistant Attorney General, Saint Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Minneapolis, Minnesota, for respondent.

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Assistant Public Defender, Saint Paul, Minnesota, for appellant.

_____

S Y L L A B U S

Appellant forfeited his challenges to the district court's restitution award by failing to raise those challenges in the district court.

Affirmed.

Considered and decided by the court without oral argument.

1

O P I N I O N

PROCACCINI, Justice.

In these consolidated appeals, appellant Erick Dewaun Haynes challenges the district court's restitution award following his guilty plea to first-degree felony murder. On appeal, Haynes contends that the district court failed to make factual findings that restitution can be awarded for the type of losses that were alleged and that the individuals awarded restitution were "victims" as the restitution statute requires. Haynes asks this court to "set aside" the restitution award and remand for additional fact-finding. Because Haynes did not raise his challenges to the restitution award in the district court, we conclude that he forfeited them, and we affirm the district court's restitution award.

**FACTS**

Haynes pleaded guilty to one count of first-degree felony murder under an aiding-and-abetting theory of liability on April 1, 2024. *See* Minn. Stat. §§ 609.185(a)(3), 609.05, subds. 1–2 (2024). In exchange for the dismissal of two other charges, Haynes pleaded guilty and received a mandatory sentence of life with the possibility of parole. *See* Minn. Stat. § 609.185(a)(3). Neither the plea petition nor the plea colloquy specifically addressed restitution.

During the plea colloquy, Haynes admitted the following facts to support his guilty plea: Haynes was previously in a relationship with the victim, Zaria McKeever. In the fall of 2022, Haynes and McKeever broke off their relationship. McKeever then began a relationship with R.C. McKeever's new relationship upset Haynes. On November 8, 2022, Haynes formulated a plan with two juveniles to confront R.C. in his apartment. Haynes

2

gave the juveniles handguns. Haynes planned to confront R.C. with the armed juveniles, who would shoot R.C. if the confrontation did not go well. Haynes and the juveniles approached R.C.'s apartment. When there was no answer, they left. Haynes then sent the juveniles back to the apartment and waited in the car. Haynes instructed the juveniles to go into the apartment and confront R.C.—shooting and killing him if necessary.

When the two juveniles went to the apartment, McKeever answered the door with a knife. R.C. escaped from the apartment by jumping out of a window. One of the juveniles shot McKeever multiple times. Haynes admitted that, although he did not intend for the juveniles to kill McKeever, he did intend for them to enter the apartment and, if necessary, kill R.C. Haynes also admitted that the juveniles acted under his direction.

The district court held a sentencing hearing on April 12, 2024. Before the sentencing hearing, the State requested that the district court order Haynes to pay $7,500 to the Minnesota Crime Victims Reimbursement Board (CVRB) and that the district court otherwise reserve its restitution determination for 90 days, as permitted by statute. *See* Minn. Stat. § 611A.04, subd. 1(a) (2024) ("The issue of restitution is reserved or the . . . hearing on the restitution request may be continued if the victim's affidavit or other competent evidence submitted by the victim is not received in time."). At the sentencing hearing, Haynes's counsel addressed the question of restitution, stating, "[Haynes] take[s] no issue with the request for the $7,500 and to leave that open so that [the victims] can document other expenses that were caused as a result of this."

The district court sentenced Haynes to life in prison with the possibility of parole and ordered Haynes to pay $7,500 in restitution to the CVRB. The district court noted that

3

it had "considered the economic loss sustained by the victim and the income, resources, and obligations of [Haynes] in ordering restitution." The district court advised Haynes that he had 30 days to challenge the restitution award if he wished to do so. The district court issued a written restitution order and ordered $7,500 in restitution to the CVRB, with the determination of the final amount of restitution reserved for 90 days. Haynes did not challenge the restitution order in district court as the district court had invited. Instead, Haynes appealed from the judgment of conviction and the initial restitution award of $7,500.

The State then moved to amend the restitution order, seeking additional restitution on behalf of individuals who incurred losses as a result of McKeever's death, including McKeever's aunt, McKeever's cousin, and McKeever's stepmother. The State filed affidavits from each individual in support of its motion. The affidavits outlined the expenses each individual incurred—funeral expenses, travel expenses to attend McKeever's funeral, or travel expenses to attend various court hearings in this matter—and the amount of restitution sought for those expenses. In its motion, the State sought an additional $9,526.06 in restitution. Including the $7,500 in restitution previously awarded to the CVRB, the State sought a total of $17,026.06 in restitution.

The parties appeared for a hearing on the State's motion to amend the restitution order on July 29, 2024. Haynes did not object to the State's motion. Haynes's counsel expressly stated that he had discussed the restitution request with Haynes "both procedurally and factually" and that Haynes had "no objection at this point." The district court granted the State's amended restitution request, noting that Haynes did not object to

the State's motion. The same day, the district court issued a restitution order and ordered Haynes to pay a total of $17,026.06 in restitution. Haynes did not challenge the restitution order in the district court. Instead, Haynes appealed the restitution order. We consolidated Haynes's appeals from the district court's judgment of conviction and its restitution order.[1]

## ANALYSIS

This appeal relates only to the district court's restitution award. For the first time on appeal, Haynes raises two challenges to that award. First, Haynes argues that portions of the restitution award are for expenses not allowed by the restitution statute. Minn. Stat. § 611A.045, subd. 1(a) (2024). Second, he contends that the district court erred by failing to make findings that certain restitution recipients were "family members" (and therefore "victims") under Minnesota Statutes section 611A.01(b) (2024). The State argues that Haynes waived or forfeited review of the restitution award because he did not object at the restitution hearing, file a restitution challenge under Minnesota Statutes section 611A.045, subdivision 3 (2024), or otherwise raise his challenges in the district court.

Before addressing Haynes's two challenges to the restitution award, we summarize the applicable statutes.

Under Minnesota Statutes chapter 611A, "[a] victim of a crime has the right to receive restitution as part of the disposition of a criminal charge or juvenile delinquency proceeding against the offender if the offender is convicted or found delinquent." Minn. Stat. § 611A.04, subd. 1(a). The victim may request "any out-of-pocket losses resulting

---

[1]     Although Haynes appealed the judgment of conviction, Haynes' brief challenges only the district court's restitution award, and that is the sole issue before us.

from the crime . . . ." *Id.* "Victim" is defined as "a natural person who incurs loss or harm as a result of a crime" and "includes the family members . . . of a . . . deceased person." Minn. Stat. § 611A.01(b).

When determining whether to order restitution and in what amount, a district court must consider two statutory factors: "the amount of economic loss sustained by the victim as a result of the offense" and the defendant's ability to pay. Minn. Stat. § 611A.045, subd. 1(a). The district court may not consider any other factors. *See State v. Riggs*, 865 N.W.2d 679, 685 (Minn. 2015). The district court may also later amend an order of restitution if, among other requirements, "sufficient evidence of a right to restitution has been submitted." Minn. Stat. § 611A.04, subd. 1(b)(2).

The restitution statute also allows a defendant to challenge a district court's restitution award and outlines the requirements for such challenges. Minn. Stat. § 611A.045, subd. 3. A defendant's challenge must be made "by requesting a hearing within 30 days of receiving written notification of the amount of restitution requested, or within 30 days of sentencing, whichever is later." Minn. Stat. § 611A.045, subd. 3(b). The hearing request must "be made in writing and filed with the court administrator." *Id.* "A defendant may not challenge restitution after the 30-day time period has passed."[2] *Id.*

With this background in mind, we turn to Haynes's two challenges to the district court's restitution award.

---

[2] As discussed below, we will consider a restitution challenge made outside of the 30-day time period under "the narrow circumstances" where the "only challenge is to the legal authority of the court to order restitution and that challenge was raised in the district court." *State v. Gaiovnik*, 794 N.W.2d 643, 649 (Minn. 2011).

6

A.

Haynes first contends that portions of the restitution award are for expenses outside the type allowed by the restitution statute. Haynes asserts that the district court abused its discretion by awarding restitution for travel expenses incurred by McKeever's family members to attend preliminary hearings and trial preparation without first making certain findings. Specifically, Haynes argues that the district court was required to make findings that these types of expenses are expenses that should be compensated through restitution before awarding restitution. This sort of challenge would fall squarely within the procedures for challenging a restitution award before the district court as outlined in section 611A.045, subdivision 3. *See State v. Cloutier*, 987 N.W.2d 214, 219–20 (Minn. 2023) (stating that when a defendant brings a timely challenge and meets their burden of production, the district court's inquiry "is whether the victim's request for restitution consists of the type, kind, or categories of expenses that should be compensated through restitution"). But, fatal to his challenge here, Haynes did not follow the procedures outlined in section 611A.045, subdivision 3. Those procedures require a challenge within 30 days of the district court's restitution award. *See* Minn. Stat. § 611A.045, subd. 3. Haynes did not meet that deadline. He *never* challenged the restitution award in the district court. In fact, Haynes's counsel twice explained to the district court that Haynes was not objecting to the State's request. By failing to bring a restitution challenge under section 611A.045, subdivision 3, Haynes has forfeited his challenge to the amount or type of restitution. *See*

*State v. Gaiovnik*, 794 N.W.2d 643, 647 (Minn. 2011) (explaining that Minn. Stat. § 611A.045, subd. 3(b), applies to disputes about the amount or type of restitution).[3]

B.

Haynes's second challenge to the district court's restitution award—also brought for the first time on appeal—is that the district court did not make findings as to whether McKeever's cousin, McKeever's aunt, and McKeever's stepmother, met the statutory definition of "family members." Although challenges to restitution brought outside of the 30-day time limit established in section 611A.045, subdivision 3, are generally forfeited on appeal, we will consider a challenge made outside of that period under "the narrow circumstances" where the "only challenge is to the legal authority of the court to order restitution and that challenge was raised in the district court." *Gaiovnik*, 794 N.W.2d at 649.

It is not clear that Haynes's second challenge can fairly be characterized as a challenge to the district court's legal authority, because Haynes frames it as a challenge to the sufficiency of the district court's findings. But even if we assume without deciding that Haynes's challenge relates to the district court's authority as contemplated in *Gaiovnik*, Haynes cannot raise it on appeal because he did not raise it in the district court.

---

[3]     In *Gaiovnik*, we considered whether Gaiovnik had "waived" his right to challenge the restitution award on appeal because he had failed to follow the procedures established in section 611A.045, subdivision 3. 794 N.W.2d at 647. We have since clarified that "forfeiture" is the more appropriate characterization of a failure to bring a timely challenge. *See State v. Beaulieu*, 859 N.W.2d 275, 278 n.3 (Minn. 2015) ("[While] forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." (internal quotation marks omitted) (citation omitted)).

8

*Gaiovnik* "recognized a narrow exception to [the 30-day time limit], holding that a failure to object to a restitution award does not bar an appeal 'where the only challenge is to the legal authority of the court to order restitution *and that challenge was raised in the district court.*' " *State v. Cummings*, 2 N.W.3d 528, 532 n.4 (Minn. 2024) (quoting *Gaiovnik*, 794 N.W.2d at 648) (emphasis added)).[4] Haynes concedes that he did not raise his challenge in the district court. For this reason, even if Haynes's second challenge could be construed as a challenge to the district court's legal authority to order restitution, Haynes has forfeited his challenge by failing to raise it below.

\* \* \*

Because Haynes did not first raise his challenges to the restitution award in the district court, we conclude that those challenges are forfeited and therefore are not properly before us on appeal.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the district court.

Affirmed.

---

[4] This requirement is consistent with the principle that "[c]laims raised for the first time on appeal to this court are generally considered forfeited." *Smith v. State*, 974 N.W.2d 576, 582 (Minn. 2022); *see also State v. Johnson*, 851 N.W.2d 60, 64 (Minn. 2014) ("Johnson's failure to raise the issue below did not give the district court an opportunity to clarify the restitution order . . . Johnson has forfeited the issue.").

9